## MYRON J. AMICK

### *v.*

## GEORGE H. YOUNG *et al.*

1. EVIDENCE—*declarations of third party in possession of property as part of res gestœ.* The declarations and statements of a defendant in an execution, while in the actual possession of property, exercising full control over it, directing the workmen in repairing the same, and offering to sell, claiming it as his own, are legitimate and proper evidence against one claiming the property as against the sheriff, who has levied upon the same for the debt of the party whose declarations are sought to be shown, as they are a part of the *res gestœ.*

2. POSSESSION—*evidence of ownership.* The fact that a party was in the actual possession of a building, which was personal property, making and paying for repairs upon it, offering to sell it, and exercising other acts of ownership, furnishes presumptive evidence of ownership in him, subject to be rebutted by the adverse claimant. If it be shown that such person was an agent, employed to superintend the making of such repairs, then no title could be based upon such acts of ownership.

3. JUROR—*error cured in not allowing peremptory challenge.* Where a juror is excused and does not serve in a cause, this will obviate any error in not allowing a challenge made on the ground that he had served as such in the court within a year, as the error in such case could work no injury.

4. APPEAL—*requiring too great a penalty in bond, no ground for reversing judgment appealed from.* The requiring of an appeal bond in too great a penalty is not a ground of error for reversing the judgment in the case appealed from.

5. LEVY—*abandonment of—creditor's bill.* The filing of a creditor's bill, after the levy of an execution, in aid of the execution to remove a cloud upon the title, so that it may bring its value when sold, is not an abandonment of the levy.

6. BURDEN OF PROOF—*in replevin.* In replevin, the burden of proof is upon the plaintiff to show that the property is his, or that he has a right to its immediate possession.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

Mr. CONSIDER H. WILLETT, and Mr. G. H. STANFORD, for the appellant.

Mr. J. M. BURROWS, and Mr. S. K. DOW, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This is an appeal, from the Cook circuit court, from a judgment in an action of replevin, there instituted by Myron J. Amick against George H. Young and Timothy M. Bradley, resulting in a verdict and judgment for the defendants. The defendant Bradley was the sheriff of the county, and justified the taking in virtue of an execution issued on a judgment rendered against one Charles R. Foster and in favor of George H. Young, the other defendant, by the circuit court of Cook county, and as the property of Foster.

The property in dispute was a framed building, once a barn, belonging to one Finney, and purchased from him and removed on to a lot near by, leased for three years of Philo Carpenter, and then converted into a dwelling house.

There were several questions of fact submitted to the jury. One was, to whom did Carpenter lease the lot; to whom did Finney sell the barn; at whose expense was it moved on to

544            AMICK *v.* YOUNG *et al.*            [Sept. T.

Opinion of the Court.

the leased lot; by whom and at whose expense was it converted into a dwelling, and finished as such.

These questions were all fairly submitted to the jury, and on two trials they found that Carpenter made the lease to Foster; that Foster bargained for the building when it was a barn; that he employed one McCauley to move it, under a permit, in Foster's name, from the proper authorities, on to the leased lot, and that he paid the workmen for fitting it up as a dwelling, for painting, etc. And though there is contradictory and conflicting testimony on some of these points, we can not, after a careful examination of it, come to the conclusion that the jury have found against its clear preponderance. Under such circumstances we could not disturb the finding. We are inclined to think the preponderance is on the side of the verdict, certainly so far as the actual possession of the property is concerned.

An objection is made by appellant, that the declarations of Foster were improperly received in evidence. Foster's statements were made whilst he was in the actual possession of the property, exercising full control over it, directing the workmen, offering to sell it, claiming it as his own; and, although these acts may be consistent with the claim set up, that he was merely an agent, it was a proper subject for the jury to pass upon, in view of all the facts in the case. What he said while thus in possession, may be considered as part of the *res gestæ*, and therefore legitimate evidence. It would not, of course, conclude an adverse claimant, but it is testimony, to be considered with the other facts in the cause.

An agent, employed by one to superintend the erection of a building, engaging workmen and paying them, can not be allowed to base upon such acts a title to the property; but, among other facts in this case, they deservedly occupy a prominent position, and were worthy the consideration of the jury.

It has always been held, that one strong indication of ownership of personal property, as this in question is admitted to be, is, exercising acts of ownership over it, having it in actual

possession, making and paying for repairs upon it, offering to sell it, etc., all which furnish presumptive evidence of actual ownership, subject, however, to be rebutted by an adverse claimant. Acts and declarations of a party in actual possession are not admitted on the theory that any peculiar credit is due to such party, but because they give character to the fact to be investigated.

It is complained by appellant, the court did not allow the challenge of Lyman Moore, called as a juror, he having served as a juror in that court within the past year, as a substitute for one on the regular panel. Moore was on the regular panel when called upon to serve in this case, but was excused, and did not serve in the cause, so that no injury was done by disallowing the peremptory challenge, even if the court should have allowed the challenge.

Another point made by appellant, and assigned as error, is, that the court required a bond on appeal, in the penalty of three thousand dollars.

This was not a money recovery, but a judgment *in rem*, so to speak—that the property replevied be returned to the party out of whose possession it had been taken, who was the appellees.

It is urged by appellant, that the object of the bond on an appeal to this court is, to secure the payment of all costs which may accrue in the suit in this court. To get at the value of the property, a suit must be instituted upon the replevin bond.

This appeal was taken after the Practice Act of 1872 went into effect. There, it is provided by section 67, if the appeal is from a judgment or decree for the recovery of money, the condition of the bond shall be for the prosecution of the appeal, and the payment of the judgment, interest, damages and costs, in case the judgment is affirmed. In all other cases the condition shall be directed by the court, with reference to the character of the judgment, decree or order appealed from. Sess. Laws, 349.

35—69TH ILL.

The bond before us shows only the usual condition was imposed by the court, and that is, to pay the judgment, costs, interest and damages rendered and to be rendered. They are blank in the bond, and we perceive no reason why a penalty so large was imposed in this case. But it is not ground of error, in requiring a bond with a penalty so great, which can be assigned as error in law upon the record.

It is also urged by appellant, that the creditor's bill, filed by Young against Foster, was an abandonment of the execution.

It is claimed by appellee, such bill was filed in aid of his execution at law to remove the cloud upon this property, so that it might bring its value when sold under the *fi. fa.* We see no impropriety in this. *Weightman et al.* v. *Hatch,* 17 Ill. 281.

This case mainly depending on facts on which two juries have passed in the same way, under much conflict of testimony, and we believing the preponderance is with appellees, the verdict must stand, unless the court misdirected the jury in matters of law.

It is complained, in this respect, that the court should not have modified appellant's third instruction.

That instruction was as follows:

"If they find, from the evidence, that Foster, while doing the acts as detailed in the evidence, was acting as the agent of one Gillespie, then the acts of said Foster, while so acting, do not, as a matter of law, raise a presumption of title in Foster."

The modification by the court was, by inserting these words between the words "do not" and "as:" "of themselves, in the absence of other evidence."

We perceive no objection to the modification. It makes the instruction accord with what we have said in this opinion.

No specific objection is pointed out to the instructions on behalf of appellees. The second was proper. The burden

of proof was on the plaintiff, in replevin, to show the property replevied was his, or that he had a right to the immediate possession of it.

On the whole record we can see no error which should reverse the judgment, and the same is therefore affirmed.

*Judgment affirmed.*