EDWARD W. SPARROW v. HIRAM W. HOVEY

*Ejectment—Adverse possession—Claim by tax title.*

In ejectment where the plaintiff claims title by adverse possession, it is proper to permit him to show that the land was generally called and spoken of as his in the neighborhood, as this tends to prove the notoriety of his claim of title.

When title is claimed by an adverse possession for the statutory period, it should appear that the possession had been actual, continued, visible, notorious, distinct and hostile. And where the circuit judge was requested so to instruct the jury, and refused, but instructed them only that the possession must be actual, continued and visible, *held* to be error.

But a claim under a tax title is necessarily hostile to the owner of the original title.

Error to Shiawassee. Submitted June 9. Decided June 16.

EJECTMENT. Plaintiff brings error. Reversed.

*O. L. Spaulding* for plaintiff in error. General reputation is inadmissible to prove possession or ownership: *Yelverton v. Steele* 40 Mich. 538; *Musick v. Barney* 49 Mo. 458; *Fugate v. Pierce* id. 441; *Dixon v. Cook* 47 Miss. 220; *Carrol v. Gillion* 33 Ga. 539; *Beatty v. Mason* 30 Md. 409; *Denham v. Holeman* 26 Ga. 182; *Brown v. Cockerell* 33 Ala. 38. Payment of taxes only shows claim of title: *Paine v. Hutchins* 49 Vt. 314. Paying taxes and publicly referring

to one's claim do not show adverse possession: *Ewing v. Burnet* 1 McL. 266. Nor does the building a fence: *Soule v. Barlow* 49 Vt. 329 ; *Russell v. Davis* 38 Conn. 562. Nor entering at long intervals to cut wood: *Williams v. Wallace* 78 N. C. 354. Nor cutting timber on wild land: *Washburn v. Cutter* 17 Minn. 361. Nor splitting rails and cutting timber: *Parker v. Parker* 1 Allen 245 ; *Hole v. Rittenhouse* 37 Penn. St. 116.

*Hugh McCurdy* for defendant in error.

COOLEY, J. This was an action of ejectment, and the defense relied upon was the Statute of Limitations.

I. Defendant having shown his possession for the requisite length of time, under tax titles which are now conceded to be invalid, was suffered to prove that the land was generally understood to be and called his, in the neighborhood. Exception was taken to this evidence, but we think it was competent. It tended to establish the notoriety of defendant's possession, and claim of title; which were important facts in his defense.

II. The circuit judge was requested to instruct the jury that defendant to complete his defense must show that his possession for the requisite time was actual, continued, visible, notorious, distinct and hostile. The judge gave the instruction with the omission of the last three qualities, and refused to give it otherwise. Why he thus limited it does not appear and we cannot surmise. The request was entirely proper, and should have been given : *Yelverton v. Steele* 40 Mich. 538. It cannot be said that the instruction given covered the case, for a possession may be actual, continued and visible, without being either notorious or hostile, and no possession can be adverse within the intent of the Statute of Limitations that lacks either of these qualities.

Where possession is held by claim of title under a tax deed, it is perhaps of necessity hostile to the title of the claimant under the original title ; and as that was the nature of defendant's claim in this case, we might overlook the

dropping of the word "hostile" in the instruction. But the distinctness and notoriety of the defendant's possession were the very things in controversy on the evidence, and the necessity that these should appear ought to have been impressed on the jury.

The defendant claimed a possession which was more constructive than actual, and which was limited in the main to cutting timber. He did not live on the land, and there were not at all times upon it visible evidences that any person was in occupancy. A passer-by, looking at the land, might have inferred that it had been the subject of frequent trespasses, without ever having been in the actual possession of any claimant. The facts respecting possession were so equivocal as to invite different conclusions from different minds, and there is much reason to believe the jury may have been misled by an instruction which left them to understand that notoriety and distinctness in the possession were unimportant. We think we have no alternative but to order a new trial with costs to the plaintiff.

The other Justices concurred.