JOHN KNIGHT

*v.*

THOMAS A. KNIGHT *et al.*

</div>

*Opinion filed February 17, 1899—Rehearing denied April 7, 1899.*

1. EVIDENCE—*when inference from facts is not a mere opinion.* Plaintiff in ejectment, relying on adverse possession for title, may ask witnesses as to who was "in possession" or "control" of the premises or who was reputed to be the owner, but the defendant may call for the facts on which the witnesses base their answers.

2. SAME—*declarations by one in possession are admissible as part of the res gestœ.* Declarations of ownership by one in actual possession of land, though not made as incident to any particular acts of dominion, are part of the *res gestœ* of possession and admissible as explanatory of the title claimed.

3. SAME—*proof of reputed ownership competent to show notoriety of possession.* Proof that the grantor, who had conveyed but remained in possession of the property and was generally reputed to be the owner, is competent to show notoriety of possession, knowledge thereof by the grantee, and that the possession was under claim of title.

4. LIMITATIONS—*grantor not estopped to acquire title by adverse possession.* The relation of grantor and grantee does not estop the former, who remains in possession, from acquiring title by limitation or prescription adverse to that conveyed by the deed.

5. SAME—*grantor need not expressly notify grantee of repudiation of deed.* The relation of grantor may be denied by retaining actual possession and exercising acts of control and dominion over the property consistent only with a claim of exclusive ownership adverse and hostile to the grantee's claim of title.

6. SAME—*grantee is bound to take notice of grantor's continued possession.* A grantee claiming title is bound to take notice that the grantor retains possession of the property, lives in the dwelling house thereon and exercises acts of dominion inconsistent with the grantee's claim of title.

APPEAL from the Circuit Court of Cass county; the Hon. T. N. MEHAN, Judge, presiding.

On the 6th day of September, 1875, one William Knight conveyed to the appellant lots 3 and 4, in block 96, in Beard & Weare's addition to the city of Beardstown. The grantor, with his children, then lived in a dwelling house situate on the lots and occupied the premises as a home. He continued to reside in the dwelling and occupy the premises after the execution of the deed as before, until the date of his death, which occurred June 5, 1896,—a period of twenty years and nine months. At the time of his death his son, Arthur Knight, lived with him in the said home premises as one of his family, and said Arthur continued to reside there until he was ousted by a judgment rendered in an action of forcible detainer brought by the appellant against him. The appellant so being in possession, the appellees, who are the heirs-at-law of said William Knight, deceased, on the 23d day of March, 1897, instituted this an action in ejectment to recover possession of the premises. A trial before a jury resulted in a verdict and judgment in their favor, from which this appeal has been prosecuted.

CYRUS EPLER, and J. N. GRIDLEY, for appellant.

MILLS & MCCLURE, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The theory upon which the judgment was rendered is, the ancestor of the appellees held actual, hostile, notorious, exclusive, open and continuous adverse possession of the premises, under the claim that he was the owner thereof, for the full period of twenty years, and thereby acquired title in fee simple thereto, and that such title descended to and vested in the appellees, his heirs-at-law. It was not error to permit counsel for appellees to ask witnesses in that behalf to state who was in "the possession" of the premises, etc., and who was in "the control" of the premises, etc., the ground of objection being the questions sought the mere opinions of the witnesses. The questions related to periods of time within said period of twenty years. "An inference necessarily involving certain facts may be stated without the facts when the inference is equivalent to a specification of the facts; but when the facts are not necessarily involved in the inference, (*e. g.*, when the inference may be sustained upon either of several distinct phases of fact, neither of which it necessarily involves,) then the facts must be stated. In other words, when the opinion is the mere short-hand rendering of the facts, then the opinion can be given, subject to cross-examination as to the facts on which it is based." (Wharton's Law of Evidence, sec. 510.) In *Woodstock Iron Co.* v. *Roberts*, 6 So. Rep. 349, it was said: "It was competent for the witness Skelton to testify that the defendant went into possession of the lands and thereafter controlled them. Control is a statement of collective facts involving management and acts of ownership. If the plaintiff desired to know on what the witness founded his conclusions of facts he should have drawn it out on cross-examination." Proof that the premises were generally reputed to be the property of the ancestor of appellees was competent, as tend-

ing to establish the notoriety of the possession, that the appellant was aware of such possession, and also that such possession was under claim of title. (*Sparrow* v. *Hovey*, 44 Mich. 63; *McAuliff* v. *Parker*, 38 Pac. Rep. 744.) In *Maxwell Land Grant Co.* v. *Dawson*, 151 U. S. 586, Dawson's claim of title to the lands in controversy was based on adverse possession, and it was ruled it was competent to show he was generally reputed to be the owner of the lands.

The court permitted appellees to put in evidence declarations of their ancestor while he was in the possession and control of the property after the execution and delivery of the deed to appellant, such declarations being, in effect, bare assertions of a present claim of ownership of the premises. There seems to be unanimity in authorities that such declarations are admissible when accompanying an act of possession which is provable. The declarations in such instances are regarded as part of the act, or a "verbal act" indicating present purpose or motive. Whether, to be regarded as admissible in evidence, the declaration must be shown, in such cases as this, to be contemporaneous with some distinct and particular act of possession has been questioned by respectable authorities. The fact here involved is possession of the premises for the prescribed period of time under claim of title. Actual possession for that period is in the nature of a continuous act, and the better view is, that particular acts of dominion over the property, and the declarations of the possessor while in possession as to his claim to the property, though not accompanying an act of possession, are of the *res gestæ* of the fact involved, and hence equally admissible as evidence. In *Duffy* v. *Presbyterian Congregation*, 48 Pa. St. 51, it was well said "the declarations of a person in possession of land (as to his claim of title) are always received as explanatory of the title he is claiming; they are part of the *res gestæ* of his possession." In *Recard* v. *Williams*, 7 Wheat. 59,

speaking upon the same point, it was said: "From the very nature of the case, therefore, it must depend upon the collateral circumstances what is the quality and extent of the interest claimed by the party (in possession), * * * and the declaration of the party while in possession, equally with his acts, must be good evidence for the purpose." The rule was fully stated by the Supreme Court of the State of Wisconsin in *Austin* v. *Allen*, 6 Wis. 134, and reiterated by the same court in *Rocke* v. *Andrews*, 26 Wis. 311. The same rule obtains in the courts of California. (*Stockton Savings Bank* v. *Staples*, 98 Cal. 189.) The principle upon which the admissibility of such evidence rests is stated in 1 Greenleaf on Evidence, secs. 108, 109. See, also, *Amick* v. *Young*, 69 Ill. 542. That such oral declarations are admissible is clearly recognized in *James* v. *Indianapolis and St. Louis Railroad Co.* 91 Ill. 554, *Shaw* v. *Schoonover*, 130 id. 448, *Grim* v. *Murphy*, 110 id. 271, *Illinois Central Railroad Co.* v. *Houghton*, 126 id. 233, and *Shaw* v. *Smithes*, 167 id. 269. Narration of past events, or statements as to the intention or motives of the parties in making a deed, or of alleged facts relative to the execution of the deed or as to the sufficiency or validity thereof, are but hearsay, and, of course, not competent to be proven.

Appellant insists, and cites authorities to support the insistence, that a grantor who remains in possession of real estate after the execution of a deed conveying it to another, is presumed by law to hold as tenant at will or by sufferance to the grantee, that his possession is deemed subservient to the title passed by his deed, and does not become adverse until the grantee is notified that possession is held under a claim of title hostile to that conveyed by the deed. Without assenting to the proposition the law raises an arbitrary presumption that a grantor who does not yield possession holds as tenant of the grantee in subservience to the deed, it is well settled the relation of grantor and 'grantee has no effect to estop the

former from acquiring a title, by limitation or prescription, adverse to that conveyed by the deed. The grantor may remain in possession, repudiate the deed and acquire title by adverse possession for the requisite length of time. (*Stearns* v. *Henderson,* 9 Cush. 497; *Smith* v. *Mounts,* 11 Tex. 24; *Shearer* v. *Middleton,* 88 Mich. 671; *Murray* v. *Hagle,* 9 So. Rep. (Ala.) 368; *Horne* v. *Smith,* 15 S. W. Rep. 240.) Nor · is it indispensable express written or verbal notice be given the grantee that the grantor has repudiated the deed. The relation of grantor may be denied by retaining actual possession and exercising acts of control and dominion over the property consistent only with a claim of exclusive ownership and of adverse right and hostile to the title of the grantee. (*Shearer* v. *Middleton, supra; Murray* v. *Hagle, supra.*) Using and controlling property as owner is the ordinary way of asserting title thereto. (*Shaw* v. *Smithes,* 167 Ill. 269.) The appellant, claiming to be the owner of the premises, was bound to take notice of the fact his grantor retained possession of the property, lived in the dwelling house upon it and exercised dominion over it inconsistent with his claim of title as grantee of the property.

The instructions granted by the court at the request of the appellees announced to the jury the principles of law which we conceive to be applicable to the contention. The court advised the jury in one instruction given at the request of the appellant, the possession of the ancestor of the appellees could not avail to defeat the title conveyed by such ancestor unless such possession was shown to have been (1) hostile and adverse; (2) actual; (3) visible, notorious and exclusive; (4) continuous, without interruption, for the full period of twenty years prior to his death; (5) under claim of title; and that these elements of adverse possession were indispensable to the right of recovery, was impressed upon the jury in a number of other instructions given in the same behalf. Instructions Nos. 1 and 2 asked by appellant and refused

were open to the objection they would mislead the jury to believe the possession of the ancestor of appellees could not be regarded as hostile in character unless it appeared such ancestor had formally "disclaimed" the title conveyed by his deed and orally asserted that he was the owner notwithstanding the deed. Instructions Nos. 3 and 4, refused in the same behalf, declared not only that such disclaimer should be made, but distinctly announced it should be brought home to the grantor, the appellant. In *Illinois Central Railroad Co.* v. *Houghton, supra*, we said: "It is not essential there should be proof the party in possession made oral declarations of claim of title, but it is sufficient if the proof shows that he has so acted as to clearly indicate he did claim title." It was not necessary the ancestor of appellees should have expressly or formally "disclaimed" his deed. It is sufficient to charge appellant with notice that he held adversely to the deed if he held exclusive adverse possession, and his acts of possession and control were such as to evince unmistakably that he was in possession as owner and to exclude all imputations to the contrary.

We have examined the testimony. That the ancestor of the appellees remained in possession of the premises described in the deed for more than twenty years after the execution thereof was proven and not controverted. We think it was abundantly shown he occupied the property under the claim he was the owner thereof. It was during all that time his home and the home of those who constituted his family. The evidence, in our view, discloses the presence of all the elements necessary to the acquirement of title by the lapse of time. Having been properly instructed as to the law it was the province of the jury to settle whatever conflict there was in the evidence.

The verdict and judgment were right, and must be and are affirmed.                    *Judgment affirmed.*