H. B. RICE, ADMINISTRATOR, v. ALMA MELOTT.

Decided May 13, 1903.

1.—Evidence—Conclusion of Witness.

Where in answer to the question, "Do you know whether or not E. was claiming the property during the last sixteen years?" the answer was, "The last sixteen years I know he has," such question on its face sought to elicit a fact, not a conclusion, and the answer stated a fact.

2.—Same—Hearsay—Limitations—Notoriety of Claim.

Upon the issue whether or not title to the land had been acquired by limitations, it was competent for a witness who had lived near the land all his life to state that he had always heard that it belonged to defendant's grantor, as this was evidence of reputation in the neighborhood, and not hearsay.

Appeal from the District Court of Harris. Tried below before Hon. Wm. H. Wilson.

*Baker, Botts, Baker & Lovett,* for appellant.

*J. W. Lockett,* for appellee.

JAMES, CHIEF JUSTICE.—The action was one of trespass to try title, brought by appellant for a lot in Houston. The case was tried by the court, and judgment rendered for defendant, on the plea of limitations.

It is not thought necessary to detail the facts and circumstances in evidence, the court's conclusion of fact that defendant established title by reason of the statute of limitations of ten years being warranted by the testimony. This carries us over the first assignment of error.

The second assignment asserts that if title by limitations was shown in defendant, still plaintiff ought to have recovered because the undisputed evidence showed that three years' possession, such as would give title by the three years' statute, was had by plaintiff just before defendant moved on the property. There was evidence which nullified this theory, as the conclusions of the judge show.

The fourth assignment presents an objection to testimony. Lillian Melott was asked, "Do you know whether or not Egling was claiming the property during the last sixteen years?" The objections were that it called for the conclusion of the witness, and that the answer would necessarily be hearsay. The answer was "The last sixteen years I know he has." The question on its face sought to elicit a fact, not a conclusion, and not hearsay. The answer stated a fact as within her knowledge.

The third assignment also complains of certain testimony. Kindsvater was asked who was it that had it (the lot in question) fenced around and had possession of it then (referring to the time Egling, a remote grantor of defendant, was alive). He answered, "I have always heard it belonged to Frank Egling, and I always taken it to belong to him myself." To this answer plaintiff objected, first, because not in response to the question, and second, as irrelevant and hearsay. The

court stated that he would sustain the objection as to the witness' impression about it, but would overrule the objection to the witness hearing it belong to Egling. The sole proposition advanced in appellant's brief is that the testimony was hearsay, and that there was nothing in the manner of acquiring title by limitation that would make it admissible.

The judge, in the bill of exceptions, states that the notoriety or not of the possessor's claim he considered a relevant fact. The witness stated: "I have always heard it belonged to Frank Egling." He testified that he was 37 years old; that he lived within a block and a half of the lot in controversy, and was born there. In view of this, it was evidence of reputation in the neighborhood, and not hearsay. That this witness, as would seem, had all his life lived in the immediate neighborhood, and had always heard that the lot belonged to Egling, we regard as competent as showing the openness and notoriety of claim on the part of Egling, which was a consideration of some importance in the case, in view of the conflicting condition of the testimony. Sparrow v. Hovey, 6 N. W. Rep., 93. Affirmed.

*Affirmed.*

Writ of error refused.