J. H. WOODS, Appellee, vs. JACOB GLOS et al. Appellants.

*Opinion filed December 17, 1912—Rehearing denied Feb. 5, 1913.*

1. LIMITATIONS—*what is necessary to make bar of section 7 of Limitation act complete.* In order that the bar of section 7 of the Limitation act may become complete there must be a concurrence of claim and color of title acquired in good faith, payment of taxes for seven successive years and actual taking possession of the premises, and when these things concur the bar of the statute may be used to defend the possession against anyone, and if such possession is invaded, even by the holder of the paramount title, it will enable the party to sue for and recover his lost possession.

2. SAME—*beginning of suit terminates running of Statute of Limitations.* The beginning of a suit by the holder of the paramount title terminates the running of the Statute of Limitations.

3. SAME—*possession taken after suit to register title is begun does not complete the bar of section 7.* One who has paid the taxes upon vacant and unoccupied land for seven successive years under claim and color of title acquired in good faith, but who has not taken possession before a suit is begun by the holder of the paramount title to register such title, cannot perfect his claim, under section 7 of the Limitation act, by thereafter taking actual possession of the land.

VICKERS, J., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

JOHN R. O'CONNOR, for appellants.

FREDERICK PEAKE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The question to be decided in this case is whether one having color of title, made in good faith, to vacant and unoccupied lands, who has paid the taxes legally assessed thereon for seven successive years, may become entitled to the benefit of section 7 of the act in regard to limitations

by taking possession of the land after the holder of the paramount legal title has filed his application to register the same.

On March 7, 1906, the appellee, John H. Woods, filed his application in the circuit court of Cook county to register his title to a lot in Norwood Park, alleging that the land was vacant and unoccupied, and that the appellants, Jacob Glos, Emma J. Glos and August A. Timke, trustee, claimed some interest therein by reason of tax deeds and other conveyances of the lot to them. On March 21, 1906, answers were filed by Jacob Glos and August A. Timke, trustee, denying that their claims or interests were invalid for any reason. Replications were filed on March 28, 1906, and thereafter Jacob Glos took possession of the lot on July 12, 1906. The application was amended on April 23, 1909, by adding two parties defendant and correcting the description of the property, and Glos and Timke again answered with the same averments as before. Jacob Glos had color of title acquired in good faith under two tax deeds and had paid all taxes and special assessments legally levied against the lot for the seven successive years from 1897 to 1903, inclusive, but had not taken possession of the lot when the application was filed and it was then vacant and unoccupied. The application was referred to an examiner of titles, who recommended the registration of the title and the reimbursement of the holders of the tax titles.

Section 7 of the act in regard to limitations, under which appellants claim, has been sustained as a limitation of the right to commence an action for the recovery of lands by enabling one who has complied with its provisions to defend his possession against the holder of the paramount title, and in order that the bar of the statute may become complete there must be a concurrence of claim and color of title acquired in good faith, payment of taxes for

seven successive years and actual taking possession of the premises. When the bar of the statute has become complete by the concurrence of these things it can be used as a defense to protect the possession against every one, and if the possession be invaded, even by the holder of the paramount title, it will enable the party to sue and recover his lost possession. (*Paullin* v. *Hale,* 40 Ill. 274; *Hale* v. *Gladfelder,* 52 id. 91; *Gage* v. *Hampton,* 127 id. 87; *McCauley* v. *Mahon,* 174 id. 384; *Travers* v. *McElvain,* 181 id. 382.) The beginning of a suit terminates the running of the Statute of Limitations. (*Miller* v. *Pence,* 132 Ill. 149; *Chicago and Northwestern Railway Co.* v. *Jenkins,* 103 id. 588; *Converse* v. *Dunn,* 166 id. 25.) Suit was begun for the registration of the title on March 7, 1906, and at that time the several things required to make the bar of the statute complete had not taken place, and Glos could not have set up the payment of taxes, alone, as a defense. He could not afterward perfect his claim under the statute. As was said in *Converse* v. *Dunn, supra,* it would avail an owner but little to show that he had title at the time of the commencement of his suit if the right of recovery upon such title could be defeated by the perfecting of title in the defendant after the beginning of the suit. The rule in equity that the chancellor will grant such relief as the nature of the case and the facts existing at the time of the decree require does not aid the appellants, for the reason that the running of the statute was arrested by filing the application, and at the time of the hearing and decree they had no rights under it.

The decree is affirmed.          *Decree affirmed.*

Mr. JUSTICE VICKERS, dissenting.