No. 19,085.

LYDIA KRUSE et al., *Appellants,* V. MARY FREDLUM et al.,
*Appellants,* and LOUISA L. ROSE, *Appellee.*

SYLLABUS BY THE COURT.

1. DEED — *Land Conveyed without Consideration* — *Undue Influence* —
*Partition.* An owner of a tract of land transferred it to her father
without consideration, and findings in the trial court in a controversy
as to the ownership of the land that she was induced by undue influence
to make the conveyance and that she made it with no intention of
parting with her interest in the land are held to be supported by suffi-
cient evidence.

2. SAME—*Reputation of Ownership.* While the title to land can not be
established by reputation of ownership in the vicinity of the land, evi-
dence of reputation may be admitted to show notice or notoriety of
claim of title.

Appeal from Jewell district court; RICHARD M. PICKLER,
judge. Opinion filed November 6, 1915. Affirmed.

*J. R. White,* and *W. R. Mitchell,* both of Mankato, for the
appellants.

*Frank A. Lutz, A. E. Jordan,* both of Beloit, and *D. M. Mc-
Carthy,* of Mankato, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action of partition in which
a controvery arose among the heirs of Charles T. Kruse, de-
ceased, as to the ownership of an eighty-acre tract of the land
involved. There was no contention as to the heirs of Charles
T. Kruse nor as to the respective shares of each in the land
owned by him at the time of his death, but one of the heirs, a
daughter, Louisa L. Rose, alleged and offered evidence to prove
that although the legal title stood in the name of her father
when he died the equitable title and real ownership was in her.
It appears that Charles T. Kruse conveyed tracts of land to
several of his children and had executed a deed conveying the
tract in controversy to Louisa. In 1901 she signed a deed
which purported to transfer the title of the land back to her
father, but she alleged that she was induced to sign the deed
by undue influence and by representations that she would con-

.Kruse v. Fredlum.

tinue to be the equitable owner of the land and that it would be reconveyed to her in the future. On the trial it was found that undue influence had been exerted to procure the execution of the deed, that there was an understanding between her and her father that she was the owner of the land although the legal title had been placed in him, and also that it should be reconveyed to her. It was further found that her father paid no consideration to her for the execution of the deed. The court therefore adjudged that she was the owner of the land and that the title, both legal and equitable, be quieted in her.

It is contended that the findings and judgment are not sustained by the evidence. There was testimony that the land was owned by Louisa when it was conveyed to her father in 1901, that no consideration was paid by him for the conveyance, that he frequently stated to others that the land belonged to Louisa, and that during the time that the legal title was in him permanent improvements of considerable value were made by her.

On the question of undue influence there was testimony to the effect that she was afflicted with a nervous illness and occasionally had spells which weakened her so that she did not understand what she was doing or what was transpiring about her; that some members of the family urged her to deed the land to her father on the ground that part of the time she was not conscious of what she was doing and that some one would get her land away from her; that they pressed her to do so when she was nervous and sick as often as once or twice a day; that a man had called upon her and proposed marriage, one whom her folks did not like, and they insisted that if she got married her husband would get the land away from her. She testified further that she signed the deed to the land with no intention of giving it to her father but because she had been led to think "somebody might get it away from me." Although there is conflicting testimony there appears to be sufficient to support the findings that she was induced to sign the deed by undue influence which overcame her will, so that the deed did not express her mind and intent, but rather that of others. Her evidence was sufficient to bring the case within the rule of the decided cases, and the instruction of the court upon the subject was in line with the rule heretofore declared

in this court.  (*Mooney v. Olsen*, 22 Kan. 69; *Ginter v. Ginter*, 79 Kan. 721, 101 Pac. 634, 22 L. R. A., n. s., 1024.)

The plaintiffs insist that in no view should Louisa have been awarded more than a life estate in the tract.  This contention is based upon a remark made by Louisa in giving her testimony to the effect that if she would deed the land to her father they, the family, would fix it so that it should be hers as long as she lived.  Another witness quoted a similar remark.  It is clear from all the testimony, however, that she was not thinking or speaking of a life estate in the land, but rather that the land was to be hers always notwithstanding that the legal title stood in the name of her father.  The entire testimony, accepted by the court, indicates that she was to have the ownership of the land just as she did before the deed to her father was executed.

Complaint is made of the admission of testimony that in the neighborhood Louisa was generally reputed to be the owner of the land.  It is true, as plaintiffs contend, that title itself can not be established by reputation of ownership, but it is also well settled that evidence of notoriety of claim of title in the vicinity of the land may be received to show the character of the possession and to charge residents of the neighborhood and those dealing with the claimant with notice of the claim.  Competent evidence of title to the land in Louisa had been produced before testimony of neighborhood notoriety of her claim had been produced, and sufficient proof of title having been made it is not improper, or at least not prejudicial, to show reputation and notoriety of her claim of ownership.  (*Harvester Co. v. Myers*, 86 Kan. 497, 121 Pac. 500, 39 L. R. A., n. s., 528; *Maxwell Land Grant Co. v. Dawson*, 151 U. S. 586, 14 Sup. Ct. Rep. 458, 38 L. Ed. 279; *Tennessee Coal, Iron & Railroad Co. v. Linn*, 123 Ala. 112, 26 South. 245, 82 Am. St. Rep. 108; *Knight v. Knight*, 178 Ill. 553, 53 N. E. 306; *Sparrow v. Hovey*, 44 Mich. 63, 6 N. W. 93; 1 Cyc. 1151; 2 C. J. 275.)  Her father and the other members of the family had knowledge of her possession of the land and of the permanent character and value of the improvements made by her upon it, and from the notoriety of her claim of ownership in the neighborhood it may well be assumed that it came to the notice of the father as well as the appellants herein.

We find nothing substantial in the claim that the findings of the jury are inconsistent, or in the criticisms of the instructions, nor in any of the other errors alleged.

The judgment of the district court is affirmed.