Carl E. McClellan *et al.*, Plaintiffs-Appellants, *v.* Raphael King *et al.*, Defendants-Appellees.

(No. 70-62;

Third District—September 22, 1971.

Sam F. Skafidas, of East Moline, for appellants.

Robert G. Scott, of Rock Island, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Rock Island County which confirmed title to a disputed tract of land in the defendants

on the basis of the running of the statute of limitations pertaining to adverse possession.

Carl E. McClellan and Lena May McClellan, husband and wife, hereinafter referred to as plaintiffs, filed a complaint on August 19, 1968, against Raphael King and Dixie King, husband and wife, hereinafter referred to as the defendants. The plaintiffs sought to enjoin the defendants from using a tract of land which they alleged to be theirs and further claimed damages. In addition to filing an answer the defendants counterclaimed, alleging they were the owners of the disputed tract by virtue of adverse possession and further prayed that the court confirm and quiet title to the tract of land in them.

The land in dispute is trapezoidal in shape and is along the North boundary of plaintiffs' land. The defendants' land is North and adjacent to the disputed tract. The land in question is situated in the village of Rapid City, Rock Island County, Illinois.

Since 1916 a shed, driveway, a portion of the defendants' dwelling house, and a sidewalk have been located on the disputed tract of land.

The defendants obtained title to their real estate, which lies North and adjacent to the plaintiffs' property, from Lila A. Minnaert on March 30, 1962, and have continuously resided upon the premises from said date. Mrs. Minnaert with her husband obtained title to the premises from George A. Jacobs and Emily C. Jacobs, his wife, on October 8, 1945, and Mrs. Minnaert and her husband during his lifetime resided on the premises from the date of their purchase until the same was sold to the defendants. George W. Jacobs obtained title to the premises on June 29, 1916. The defendants and their predecessors in title back to the year 1916 all were in possession of the disputed tract of land and used the shed, driveway and portion of the dwelling house which was situated thereon.

The Minnaerts, husband and wife, were in fact common grantors of the disputed tract of real estate. They first conveyed the same to a Mary M. Hubbs on March 16, 1948, who in turn was the plaintiffs' grantor. Later Mrs. Minnaert, then widowed, conveyed the parcel to the defendants. It is the defendants' contention, however, that despite the deed to the plaintiffs, the defendants and their predecessors in title continued in possession of the property after March 16, 1948, for more than 20 years prior to the filing of the suit which is now before us on appeal.

The record discloses that on November 14, 1950, the plaintiffs filed a suit against the defendants' predecessors, the Minnaerts, in an effort to enjoin them from using the disputed tract of land and improvements thereon. An answer and counterclaim to this suit was filed by the Minnaerts. In 1955 the suit was stricken from the docket of the circuit court

of Rock Island County by order of court. A motion to reinstate filed by the plaintiff was denied.

Two issues are presented to this court for review. First we must determine whether the conveyance of March 16, 1948, from defendants' predecessor in title to the plaintiffs' predecessor in title, coupled with the filing of the lawsuit by the plaintiffs on November 14, 1950, had the legal effect of not only conveying and vesting title to the disputed land in the plaintiffs, but in addition also had the effect of tolling the twenty year statute of limitations, thereby preventing the defendants from acquiring the land by adverse possession. Secondly, we are presented with the question as to whether there was clear and definite proof of the location of the land which is a prerequisite to obtaining title under the statute of limitations.

The plaintiffs argue that as the result of the deed of March 16, 1948, where the predecessors in title of the defendants, namely, Mr. and Mrs. Minnaert, deeded the disputed tract to Mary M. Hubbs, who later deeded the same to the plaintiffs, that we then have a clear indication that there was some dispute as to the title of the property which would have the effect of tolling the statute of limitations. With this contention we cannot agree, since a like question was presented in the case of *Schiller v. Kucaba,* 55 Ill.App.2d 9, 203 N.E.2d 710, and the court determined:

> "While it is true that a grantor who remains in possession of property after a conveyance thereof will be considered a permissive tenant of the grantee, such grantor in possession may nevertheless acquire title to the property by adverse possession if he continues to possess and use the property as his own, openly, notoriously and under claim of title, for a period of twenty years or more. *Knight v. Knight,* 178 Ill. 553, 53 N.E. 306. Express written or verbal notice of the grantor's claim of ownership to the grantee is unnecessary; the fact that the grantor continues to exercise such dominion and control of the property as is inconsistent with the rights of the grantee is sufficient notice of the grantor's claim of ownership. *Knight v. Knight,* 178 Ill. 553, 53 N.E. 306. Further, using and controlling the property as an owner is the ordinary way of asserting title thereto. *Shaw v. Smithes,* 167 Ill. 269, 47 N.E. 523."

We cannot help but note that even if the law in Illinois were otherwise more than twenty years had expired from March 16, 1948, to the filing of the present suit on August 19, 1968, so the real determinative question is the effect of the lawsuit instituted by the plaintiffs on November 14, 1950, in which they sought to enjoin defendants' predecessors in title from using the disputed tract. At the outset we must recognize the fact that

the plaintiffs are not attempting to rely on the present suit, but instead on one which was filed in 1950 and which was vigorously opposed not only by the filing of an answer but also by the assertion of a counterclaim. The suit was filed on November 14, 1950, and certain activities such as the filing of pleadings and motions ensued until January 15, 1951, after which there was no prosecution of the case by the plaintiffs until the same was dismissed by order of court on February 10, 1955. The plaintiffs then filed a motion to reinstate the case but this motion was denied.

After the dismissal of their lawsuit the plaintiffs had one year or the remaining limitation period to commence a new suit, whichever time was greater. (Chap. 83, Sec. 24a, Illinois Rev. Stat.) The plaintiffs had a period of time in excess of thirteen years during which they could have commenced a new suit, yet they failed to do so.

■■ In order to constitute possession which is adverse and sufficient under our limitations statute to defeat the claim of the holder of the legal title, the possession must be hostile. Rather than tolling the statute of limitations, the filing of the 1950 lawsuit by the plaintiffs served to illustrate the hostility of the defendants' predecessor in title. The defendants in that suit obtained counsel, filed an answer and a counterclaim for possession of the disputed tract. Upon plaintiffs' failure to reinstate his action we can only conclude that the hostile possession of the disputed tract was established. Cases cited by the plaintiffs, *to-wit, Harlan v. Douthit,* 379 Ill. 15, 39 N.E.2d 345; *Woods v. Glos,* 257 Ill. 125, 100 N.E. 516; and *Chicago & Northwest R.R. Co. v. Jenkins,* 103 Ill. 588, as authority for the proposition that the filing of a suit tolls the running of the statute of limitations, are not determinative for in all of those cases cited by the plaintiff the suit relied upon to toll the statute was the existing suit before the court and not a prior proceeding. Under the factual situation presented we cannot conclude that the prior suit of the plaintiffs served to toll the statute of limitations.

■■ Lastly, the plaintiffs maintain that the defendants had a burden of proving adverse possession for the statutory period of a definitely described tract of land. Under the 20 year statute of limitations proof of adverse possession must be such as to establish with reasonable certainty, location of boundaries of the tract to which elements of adverse possession are applied and all the elements must extend to the tract so claimed. *Schwartz v. Piper,* 4 Ill.2d 488, 122 N.E.2d 535.

■■ In the case before us one of the exhibits admitted into evidence was a plat of the survey of Lot 12 of the Assessor's Plat for the year 1863 and is drawn to the scale of 40 feet to the inch. On the plat are clearly located the concrete driveway, shed building, sidewalk, and a portion of the defendants' house. The record further discloses that from the year 1916 to

1947 a fence separated the property of the plaintiff from the disputed tract of land and that before and after the removal of the fence the defendants and their predecessors in title maintained the area which is now being claimed by them. A witness, Emily Jacobs, who lived on the premises from 1916 to 1945, testified as to the location, removal and reconstruction of all of the landmarks such as the fence, driveway and shed building. In the case of *Schwartz v. Piper, supra,* it is to be noted that a fence was the only definite monument marking the boundary line in question and that the fence had been removed more than thirty years prior to the filing of a suit by the plaintiff. The court in *Schwartz* stated that "plaintiffs had burden of proving by clear and convincing evidence the exact location of the boundary line to which they claimed, and the evidence was insufficient to sustain the burden." In the case before us we have a number of fixed markers and their location is not only visible but further definitely established for more than a 20-year period by competent testimony. After an examination of the evidence adduced during the course of the trial we can only conclude that the trial court did not err in finding the defendants proved by clear and convincing evidence the exact boundary lines of the disputed tract of land.

Since we find no error in the record brought to us from the trial court, the judgment of the circuit court of Rock Island County is hereby affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.