SMITH v. MONTES.

See this case as to the rule which requires the proof to conform to the allegations, and the instructions of the Court, to both.

A person who has held adverse possession of lands, for the period prescribed by the statute of limitations, may maintain an action, founded on the title thereby acquired, to be quieted in the possession, and to remove clouds, &c.

There is nothing in the relation of vendor and vendee, by deed executed and not executory, which will prevent the vendor, who may remain in possession, from claiming adversely to the vendee, and relying on the statute of limitations.

Appeal from Bexar. Suit by plaintiff, Montes, to quiet the title to a lot of ground then in her possession. The allegations, evidence and instructions will be found in the opinion of the Court.

*J. Denison* and *J. P. Jones*, for appellant. I. The second error to which appellant refers, is that the Court erred in its third instruction to the jury. The evidence nowhere makes out a case of fraud. Indeed, there seems to be no effort on the part of plaintiff to establish fraud. On the contrary, the proof negatives the presumption of fraud. That part of the third instruction to the jury, referring to the fact that the deed was given as a *security* against harm from a liability of Smith on behalf of plaintiffs son, is wholly outside of the record. There is no allegation in the pleadings to support any evidence of such a state of facts; and in charging the jury upon a question not embraced nor contemplated by the pleadings, the Court transcended its legitimate authority, and in so doing misled the jury from the true issue.

II. The Court below erred in ruling that plaintiff could acquire a title by prescription, against her own deed.

According to all authority, there existed between the parties, the relation of landlord and tenant. It is a rule that will not be questioned, that a tenant at will cannot prescribe against his landlord. This rule should apply with peculiar force in the present case, as the plaintiff here attempts to prescribe against her landlord, who is such by her own deed.

*I. A.* and *G. W. Paschal,* for appellee.

HEMPHILL, Ch. J. The first ground of error is the overruling of defendant's exception to plaintiff's amended petition. There is no evidence of any action on this exception ; and whether it was well taken or not, will not now be considered.

The second assignment is to the third instruction of the Judge, on the ground that there was no allegation in the pleadings to warrant the charge, as given. The instruction was to the effect, that, if the jury believed the deed to Smith was obtained by fraud, or deceit, or was given as a security to save Smith harmless from any liability assumed by him, in favor of plaintiff's son, then they should find a verdict for the plaintiff.

The plaintiff averred in her petition, that no such sale as that pretended was ever made, and that any deed, or conveyance, of her house and lot, is false and fraudulent, never signed by her knowingly, and that she never received one dollar for her lot, nor did she ever agree to sell the same.

These allegations would authorize the introduction of evidence to prove the fraud of the intestate, in obtaining the deed ; and the Court would be justified in charging as to the legal effect of such evidence ; and, though it be not distinctly averred that the intestate set up the pretence of right, under the deed, as a security against responsibility for the son of the plaintiff, yet, under the general allegations of fraud,

such evidence was admissible; for the taking of the deed in an absolute, and not conditional form, was a legal fraud, demonstrated, as it subsequently was, by the party in defence attempting to claim full title under the conveyance. The admissions of the intestate were properly received, as one of the circumstances in proof of the fraud practiced in obtaining the deed ; and there was no error in the instruction to find for the plaintiff, if the jury should believe the deed to have been given merely as a security.

The third assignment is error in the fourth instruction to the jury, as the plaintiff could not prescribe against her own deed.

The Court charged, that, if the jury believed the plaintiff held possession, using, enjoying and claiming the premises as her own, for ten years, between the date of the deed and the commencement of suit, then they should find a verdict for the plaintiff.

The objection to the charge is, that, after the sale, the vendor became tenant at will to the purchaser, and could not set up title by possession—and it is said, that, according to the authorities, the relation of landlord and tenant existed between the vendor and vendee. No such authority has been cited ; and if any such could be found, I should doubt whether the doctrine could be supported on principle. As long as the contract remains executory, there is, under certain circumstances, a species of trust between the vendor and vendee, which will suspend the statute ; and this relation will exist until the transaction is completed, or until it is disavowed or extinguished by the lapse of time and the laches of the party in seeking his redress. But, in this case, the contract was executed. The defendant claims by deed. No further act, on the part of the vendor, was necessary for the transfer of her right. All relations of a fiduciary character had ceased ; and there was no reason why the statute should stop its course, or why it should not bring repose and quiet to these parties, as it does to others, by its salutary operation ; and I

am aware of no principle of law, which would prevent a vendor, who, after title has passed, remains in the undisturbed and exclusive possession of the property, without recognition of the vendee's rights, from claiming the benefit of the statute. There was no disability on the part of the vendee, to have prevented him from the assertion of his claim. In fact, had the contract been executory, the vendee could not, under the proof, have sustained a petition for specific performance, or for the recovery of damages.

It was in evidence that the vendor had been in possession for twenty-eight years, more than ten of which had elapsed between the date of the deed and the commencement of suit; that she had paid taxes on the lot for several years previous to the trial; that the lot was not returned on the original inventory of the deceased vendee. There was not a scintilla of evidence that the intestate or his administratrix had ever claimed property in the lot, or exercised or pretended ownership, or did any act in relation thereto, except the admission of the intestate, that he had no title, and that the deed was taken merely as security. Under these circumstances, and this long acquiescence in the possession and claim of the vendor, the vendee would have forfeited all rights. (De Cordova v. Smith, 9. Tex.R. 128; Burleson v. Burleson, decided at this Term.)

But the contract, as set up, was not executory. No trust relation existed between the parties, either by operation of law or by agreement; and therefore so much more is the plaintiff entitled to the protection of the statute, and to have this cloud upon her title removed.

It is unnecessary to examine other points, as the cause is disposed of on the grounds considered.

Judgment affirmed.