### W. F. HARN v. SOPHIE M. SMITH.
### No. 6984.

1.   **Parol Division Line—Mistake.**—Where parties are in doubt as to the location of the line dividing their lands they may fix it by parol agreement, which would be mutually binding, even though they were mistaken as to its true locality.

2.   **Same.**—Whether parties are right or wrong in their belief that the division line they establish is precisely where it ought to be is wholly immaterial. It is enough if there was doubt or dispute between them about it, and they determine to settle it upon that basis.

3.   **Same—Mistake.**—If the fact that the parties were mistaken in fixing a division line in dispute could invalidate such agreement, none could ever stand unless they designated the exact line of division.

4.   **Title by Ten Years Limitation.**—See facts held sufficient to show title by ten years adverse possession.

5.   **Warranty Not Broken by Loss of Title by Limitation.** — A vendor can acquire title from his vendee when or after the deed is executed. The covenant of warranty will not defeat such title acquired after the deed. Such title is no breach of the covenant. The warranty can not be extended to cover future laches of the vendee by which he loses the title conveyed to him.

APPEAL from McLennan. Tried below before Hon. Eugene Williams. The opinion contains a statement.

*Andrews & Lessing,* for appellant.—1.   There can in contemplation of law be no dispute or uncertainty in the location of the line running from east to west which divides a rectangular tract of 10 acres of land into two equal parts, when the south line of said 10 acres, extending from east to west, is well established and marked upon the ground; and to establish a division line other than the true one, the owners of the respective halves must do more than simply by mistake agree to and acquiesce in such a line.   There must be some consideration passing to the owner who cedes a portion of his half, otherwise the agreement will be a *nudum pactum.*  1 Wait's Act. and Def., 719.

2.   A warrantor of land under a general warranty deed can not claim such land by limitation against the warrantee, the subsequently acquired title of the warrantor enuring to the benefit of the warrantee.   Flaniken v. Neal, 67 Texas, 629; Voight v. Mackle, 8 S. W. Rep., 623; Bracken v. Jones, 63 Texas, 184; 3 Washb. on Real Prop., 160; Robinson v. Douthit, 64 Texas, 101.

3.   The land here in controversy being a portion of a 10-acre town lot, and defendant's possession being by mutual mistake of the adjacent owners as to the true location of the division line, said possession was not such an adverse, open, notorious, and hostile holding as would put into operation the statute of limitations in favor of the grantor and against his warrantee.   Evans v. Templeton, 69 Texas, 378; Chance v. Branch, 58 Texas, 490; Ang. on Lim., pp. 384, 387.

No brief for appellee.

COLLARD, JUDGE.—Appellant's first assignment of error is to the effect that the court erred in overruling plaintiff's exceptions to defendant's trial amendment setting up an agreed boundary and division line by acquiescence and estoppel, because there was no consideration for such agreed boundary; that the divisional line being certain of ascertainment, there could be no dispute or doubt concerning it as to form the basis of an agreed boundary; " and because acquiescence alone will not suffice to fix a conventional line for a true one if the true one can be ascertained, and the amendment disclosed no facts estopping plaintiff from recovering his land to the true line."

The exception referred to was made to the original answer, "wherein defendant set up an estoppel against plaintiff on account of boundary by agreement and acquiescence, and says the facts alleged do not create an estoppel."

The allegation in the original answer merely alleged that Herring more than thirteen years ago, then owner of the northwest half of the 10-acre lot, with the consent, acquiescence, and approval of defendant built a fence along a line which was then conceded and agreed to by said Herring and

defendant to be the true division line, etc.    This exception was sustained by the court in so far as·the answer failed to show that any dispute had arisen when the agreement is alleged to have been made.

The trial amendment was then filed by leave of the court, wherein it is alleged, in addition to what had been before alleged, that the true location of the lot was not well defined and known, and various surveys had left it uncertain.    It was also alleged that "in consideration that Herring at his own expense would build a good and sufficient fence dividing said lot as then enclosed from east to west equally, it was agreed by and between defendant and said Herring that said fence should belong equally as a division fence of said lot to said Herring and defendant, and should be held as the true divisional line of said lot; that said fence was built in 1875 or 1876, and has ever since been held, regarded, and acquiesced in as the true division line until this suit was brought."

We understand that where parties are in doubt as to where the true division line between them of their lands may be, they may fix it by parol agreement, which would be mutually binding upon them, even though they were mistaken as to its true locality.    Where the parties knew where the divisional line was, such an agreement would not, it is said, be binding, because it would be a parol conveyance of land and contrary to the statute of frauds. 1 Wait's Act. and Def., pp. 718, 719;  George v. Thomas, 16 Texas, 89;  Coleman v. Smith, 55 Texas, 259;  Browning v. Atkinson, 46 Texas, 608, 609.

The true rule is stated by Judge Quinan in Coleman v. Smith, 55 Texas, 259.    After exhaustive research, he says:  "Whether the parties were right or wrong in their belief that the line they established was precisely where it ought to be was wholly immaterial.    It is enough if there were doubt or dispute between them about it, and they determined to settle it upon that basis."    See the case and authorities there cited.    We think the averments in the trial amendment as to uncertainty of the boundary sufficient to predicate an agreement upon fixing the division line between the adjacent owners.

The court below, in our judgment, did not err ·in overruling the exceptions to the trial amendment, because if the facts alleged were true as to the agreed division line it was binding upon Herring and his vendees.

The next assignment of error insisted on by appellant is that the court below erred in finding that defendant and plaintiff's vendee, Herring, had established a divisional line by agreement binding on plaintiff, because the proof shows that the true line was easy of ascertainment, and that the agreement upon a line was a mutual mistake, both parties believing it to be the true divisional line; and because there was no consideration for the establishment of a line depriving plaintiff or his vendors of their land, because there were no acts of plaintiff or his vendors in regard to a division line to the injury of defendant.

This assignment in effect admits that such an agreement of the line was made; but if it did not, the evidence shows that there was such an agreement between Herring while he was the owner of the northwest half of the lot, and defendant's husband, the owner of the other half, in the fall of 1875. It was proven that at that time the lines of the 10 acres and other surveys adjoining, made by Scott in subdivision of 100 acres, of which the 10 acres were a part, were in confusion, and Herring and Robert Smith determined to divide the 10 acres; they assumed as the northwest corner of the 10 acres a stake in the upper northern limits of the western fence, which Robert Wilson had before pointed out to Herring in making a survey of his subdivision of 100 acres adjoining the 10 acres as the northwest corner of the 10 acres, and chained down the western fence one-half the distance called for in the field notes of the 10 acres, and then chained and staked off the distance called for across the 10 acres. Upon this cross line a staked and ridered fence was built by Herring by agreement of defendant's husband that it should be a division line between them of the 10 acres. Defendant had knowledge of the building of the fence; has ever since regarded it as, and both Herring and defendant thought it was, the true divisional line. This line was some 30 or 40 feet above or northwest of the line as actually now ascertained to be the true line as shown by recent survey, and such line could have been ascertained with accuracy from the well established south line of the Stephens league, which at this point was identical with the south line. But whether the line was easy or difficult of ascertainment is not the question. At the time the line agreed on was made the respective owners did not know where it was and adopted the method of agreement to establish it. They desired to settle the question and did so by agreement. A fence was built on the agreed line as a common fence between the parties, or the line. They were competent to make the agreement, and whether it was the correct line or not is not material to the validity of the same. If the fact that the parties were mistaken in fixing the line could invalidate the agreement, no such agreements could ever stand unless they designated the exact line. There was no fraud or misrepresentation by either party.

We do not think the court erred in holding the agreement valid and binding on the parties, and that the court did not err in refusing to disturb it.

But suppose this question should be waived, and for sake of the argument it be admitted that there never was a division line made, and that plaintiff runs south of the fence as claimed, it seems to us clear that defendant should recover the disputed land on her plea of title by limitation under the statute of ten years as found by the court below.

There is no question but that defendant had had exclusive, adverse, and continuous possession, occupying and claiming the same as her own, for more than ten years before suit, and there is no question but that she had

the actual possession up to the fence for such period.   She could not extend her possession by construction over the boundary of her land as described in her deed, but actual possession and occupancy, claiming under the conditions of the ten years statute, has frequently been held to constitute a good defense against the owner.  Bracken v. Jones, 63 Texas, 184.

But appellant says that defendant and her husband sold the land to Herring, under whom plaintiff claims, and warranted the title to him, and therefore she can not claim title by possession against her and her husband's warranty but that the title so acquired (if it could be) would enure to the warranty.   We can not agree to this.   It had as well be said that the vendor can not disseize his vendee or acquire a title from him. He can acquire title from his vendee by limitation (Smith v. Montes, 11 Texas, 25, 26) where the deed is executed.  Rawle on Cov., p. 398.  The covenant of warranty will not defeat such title acquired after the deed. Such title is no breach of the covenant, which can not be extended to cover future laches of the vendee by which he loses the title conveyed to him. Stearns v. Henderson, 63 Mass., 497.

Finding no error in the judgment of the court below, our conclusion is the same should be affirmed.

*Affirmed.*

Adopted January 20, 1891.

Chief Justice Stayton not sitting.