## GEORGE C. PENDLETON v. J. W. McMAINS ET UX.

Decided June 3, 1903.

**1.—Limitations—Adverse Possession—Judgment.**

A title to land obtained by judgment is within the purview of the statutes of limitations, and adverse possession of the land for ten years after the judgment, even though it be by the defendant in the judgment, will confer title.

**2.—Title—Recognition of—Judgment.**

The act of a buyer in purchasing land is not a recognition of a title to it held under and by virtue of a judgment where the seller's title was not deraigned through the judgment, but from another source.

**3.—Limitations—Joint Tenancy—Partition.**

Where plaintiffs in an action in which the judgment divested defendant of the title to land did not claim an undivided interest, and the judgment decreed the title to be in plaintiffs, except a homestead already set apart by metes and bounds, the decree amounted to a partition, and there was no joint tenancy

between plaintiffs and defendants which could prevent the statute of limitations from running in favor of defendant who remained in possession.

Error from the District Court of Dimmit.    Tried below before Hon. R. W. Hudson.

*F. Vandervoort,* for plaintiff in error.

*W. A. H. Miller,* for defendants in error.

FLY, ASSOCIATE JUSTICE.—This is an action of trespass to try title, instituted by George C. Pendleton to recover of J. W. McMains and Mary E. McMains, his wife, an undivided two-thirds of 640 acres of land originally patented to B. F. Neill, assignee of J. Poitevent survey No. 25, and two and one-third of 320 acres being the south half of survey No. 27, patented to same party, less 200 acres, the homestead of defendants.    The cause was tried by the court and judgment was rendered for defendants.

The facts are these:    On April 24, 1888, W. W. Sloan, S. E. Pfeuffer and George H. Pfeuffer, composing the Cotulla Lumber Company, and H. Riley, M. J. Barlow and M. F. Barlow, composing the firm of M. J. Barlow & Co., recovered judgment in the District Court of Frio County, for the land sued for in this action, as well as survey 26, consisting of 640 acres of land situated in Dimmit County, Texas.    A writ of possession and execution for costs were awarded, but it was not shown that either had ever been issued.    George H. Pfeuffer made a quitclaim deed of all his interest in the land to the Cotulla Lumber Company, on June 10, 1892. A quitclaim deed was made, on May 12, 1890, by M. J. Barlow & Co. to E. A. Sterling to all their interest in the land.

On May 5, 1890, Mrs. Susan Pfeuffer, John Buenz and W. W. Sloan, composing the Cotulla Lumber Company, sold their interest in the lands in controversy to E. A. Sterling.    In June, 1892, Buenz released a vendor's lien, retained in the last above mentioned conveyance, to E. A. Sterling.    In March, 1898, Sterling conveyed the land to S. H. McMurry, and in March, 1901, McMurry conveyed it to George C. Pendleton, plaintiff in error herein.    In the judgment and deeds, 200 acres of land, the homestead of defendants in error, were excepted.

Defendants showed title from the patentee, B. F. Neill, to surveys 25 and 27, and introduced in evidence a deed to the land from J. W. McMains to his wife, Mary E. McMains, of date May 30, 1881.    On March 11, 1884, defendants in error executed a deed of trust to S. M. Ellis, trustee, conveying the south half of section 27 and section 25, except their homestead of 200 acres, to secure Edward Polk in a debt of $2000.    A deed purporting to have been executed by J. M. Knott, substitute trustee for Ellis, was placed in evidence, which conveyed to W. W. Sloan the land described in the deed of trust.

On August 24, 1885, McMains and wife conveyed to J. H. Reese, in

trust to secure H. Riley in a debt, survey 25, one-half of survey 27, and survey 26. William H. Riley, described as substitute trustee, conveyed the lands described in the trust deed to W. W. Sloan on November 17, 1887. Sloan conveyed his interest in survey 25 and one-half of survey 27 to H. Riley, who conveyed to D. and A. Oppenheimer, and they conveyed to Andrew Armstrong, Sr., who conveyed the land by warranty deed to Mary E. McMains on November 20, 1897. The last named deed was recorded on December 20, 1897.

It was established by uncontroverted evidence that the land in controversy has been inclosed by a fence since 1881, and defendants in error have been in the peaceable, continuous, open and adverse possession of the same, cultivating a portion of it and using the other portion as a pasture, for more than ten years after the judgment was obtained by W. W. Sloan and others, and before this suit was instituted.

The judgment obtained by Sloan and others against defendants in error in 1888 divested them of all title owned by them in the land in controversy at that time, but did not prevent them from obtaining title to it again by adverse possession after that time. More than thirteen years had elapsed after the rendition of the judgment before this suit was instituted, and during all those years defendants in error had been in possession of the land and claiming title to it against the world. There is no peculiar sacredness in a title to land obtained through a judgment that lifts it out of the scope and purview of statutes of limitation, and if the possession be adverse for ten years, whether it be by the defendant in the judgment or anyone else, it will perfect a title.

The acts of the defendants in error in buying from Armstrong was no recognition of the title held under and by virtue of the judgment. Armstrong's title was not deraigned through the judgment.

No question of joint tenancy interposes itself as between those claiming under the judgment and defendants in error, so as to prevent the running of the statute of limitations. The plaintiffs in the original action did not claim an undivided interest in the lands, and the judgment decreed the title to all the land to be in the plaintiffs, except a homestead belonging to defendants, which was described in their answer as "200 acres off the S. W. corner of said survey No. 25." The homestead had been surveyed and set apart before the trial of the original suit. The decree amounted to a partition of the land, the homestead being given to the defendants and the balance of the land to the plaintiffs, and it is clear that there was no joint tenancy in the land now in controversy.

Under our view that the defendants in error established title by ten years limitation, it becomes immaterial whether the substituted trustees' deeds were properly admitted in evidence or not.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.