## J. T. THOMSON v. LENA WEISMAN ET AL.

### No. 1347.   Decided October 27, 1904.

**1.—Limitation—Registered Deed.**

Title may be acquired under the statute of limitation (five years pos-- session, etc., by one claiming under a deed duly registered) though asserted' by one claiming the land under deed, not to himself, but made to another for his benefit.  (Pp. 173, 174.)

**2.—Same—Judgment.**

Defendant against whom judgment for the recovery of land has been obtained, but remaining in possession, may assert title by limitation, against the plaintiffs so recovering, through possession under registered deed made- to a third party for his benefit after the judgment was recovered.  (Pp. 174, 175.)

**3.—Limitation—Payment of Taxes.**

In supporting the claim of limitation by five years possession under a. registered deed, rendition for and payment of taxes by the claimant is suffi- cient, though the land was also rendered for taxation by the adverse claim- ant and the taxes first paid by him, and defendants receipt for taxes is prima. facie evidence of his rendition of the land therefor.  (P. 175.)

**4.—Limitation—Suspension by Death.**

The death of one against whom the bar of the statute of limitation was. not complete suspended the running of the statute for one year.  (P. 175.)

Error to the Court of Civil Appeals for the Third District, in an. appeal from Tom Green County.

Weisman and others sued Thomson for the recovery of land.   Judg-- ment was rendered for defendant and plaintiffs appealed.   The judg-- ment being reversed and rendered for appellants, Thomson obtained. writ of error.

*Joseph Spence, Jr., J. T. Thomson,* and *Etheridge & Baker,* for plain-- tiff in error.—Defendant established his title under the statute of five. years limitation under the proof in this case, which shows conclusively that the defendant and those whose estate he has in the land held peace-- able and adverse possession of the same, cultivating, using and enjoy-- ing the same, and paying all taxes thereon, said possession being under- deeds duly recorded for more than five years prior to the institution of this suit.  Terrell v. Martin, 64 Texas, 127; Heflin v. Burns, 70 Texas,. 353; Cochrane v. Faris, 18 Texas, 850; Elliott v. Mitchell, 47 Texas, 451; Morris v. Meek, 57 Texas, 387; Huff .v. Crawford, 88 Texas, 374;. Cantagrel v. Von Lupin, 58 Texas, 578; Gillespie v. Jones, 26 Texas,. 343; Fossett v. McMahan, 74 Texas, 547; McLavy v. Jones, 31 Texas. Civ. App., 354; Evans v. Guiple, 35 S. W. Rep. (Texas), 941; Bate- man v. Jackson, 45 S. W. Rep., 224; Riddle v. Whitehill, 135, U. S.,. 621; Vallentine v. Cooley, 33 Am. Dec. (Tenn.), 166; Underhill on Trusts, 37-42; Anderson's Dic. of Law, 813; 27 Am. and Eng. Enc. of Law, 1 ed., 234.

Appellee did not hold possession of the land sued for in subordina- tion or in recognition of any title or right of plaintiffs' after the rendi--

tion of the judgment on the 23d day of November, 1888, and he is not prevented by said judgment from asserting adverse title to the land, notwithstanding said judgment, as under the facts said judgment was never enforced, and even if it interrupted the running of the statute in any case it could not affect the after-acquired title of defendant, either under the statutes of five years limitation or ten years limitation. Same authorities.

Defendant was entitled to show payment of taxes on the land in controversy under his plea of the statutes of limitation of five years, notwithstanding that appellants may have paid the taxes on the same land for the same years at the Comptroller's office. Cantagrel v. Von Lupin, 58 Texas, 577; Harrison v. McMurray, 71 Texas, 122.

The statute does not require as an element of title under the statute of five years limitation that the person claiming the benefit of that statute must show that he rendered the property for taxation, or listed the same with the assessor. All that is required with respect to the payment of taxes is that the taxes must be paid for the five years under the deed duly registered. Under the facts in this case appellee complied with this requirement and the fact that the land was not rendered, or listed with the tax assessors of the counties, does not affect the question one way or the other. Cantagrel v. Von Lupin, 58 Texas, 577; Harrison v. McMurray, 71 Texas, 122.

The court did not err in rendering judgment for defendant, because there was no evidence that the land was not rendered by those under whom appellee claimed. The rendition or leasing of the property with the tax assessors is not a requisite of title by limitation under the five years statute, and the fact that the land was rendered or not rendered by those claiming (under deeds duly registered and paying taxes on the land and the other elements required by the statutes of the five years limitation) is immaterial and not a part of the requirements of the statute, and the court did not err in so holding. Cantagrel v. Von Lupin, 58 Texas, 577; Haskins v. Wallet, 63 Texas, 219; Juck v. Fewell, 42 Fed. Rep., 577; Swenson v. Mynair, 79 Fed. Rep., 611.

*Hill & Lee,* for defendant in error.—The trial court erred in rendering judgment against the plaintiffs and in favor of the defendants because the evidence shows that plaintiffs held title to said land under the final judgment against defendant rendered November 23, 1888, after which said date defendant held said land in subordination to the title of plaintiffs and is estopped from asserting adverse title or claim thereto. Brolasky v. McClain, 61 Pa. St., 166; Root v. Woolworth, 14 Sup. Ct. Rep., 136; 23 Am. and Eng. Enc. of Law, 2 ed., 102; Woolworth v. Root, 40 Fed. Rep., 723; same case, 150 U. S., 401; Graydon v. Hurd, 55 Fed. Rep., 724; Juneman v. Franklin, 67 Texas, 411; Huntington v. Mattfield, 43 S. W. Rep., 53, 55 S. W. Rep., 361; Clark v. Kirby, 25 S. W. Rep., 1096; Bombarger v. Morrow, 61 Texas, 418; Bailey v. Laws, 3 Texas Civ. App., 536.

To establish title under the five years statute of limitation, each vendee in the chain of title must have claimed title in himself under the deed registered in his name, and when the evidence shows that such vendee did not claim the land under the deed registered in his name for the use and benefit of some other person, such deed will not support title under the five years statute. Rev. Stats., arts. 3342-3349; Mhoon v. Cain, 77 Texas, 316; Satterwhite v. Rosser, 61 Texas, 166; Word v. Drouthett, 44 Texas, 365; 1 Am. and Eng. Enc. of Law, 2 ed., 789, 832; Sedg. & Waite, Trial of Title to Land, 2 ed., sec. 754-756.

The court erred in rendering judgment in favor of the defendant against the plaintiffs Bertha, Belinda, Florence S. and Della Dopplemayer, because the evidence shows that said plaintiffs inherited from their mother, Fannie Dopplemayer, who was a married woman from a date prior to the year 1887 and to the time of her death, in November, 1900, and the statute of limitation was suspended for the period of one year from and after her death, and under the evidence said plaintiffs Bertha, Belinda, Florence S. and Della Dopplemayer were entitled to judgment for their said mother's interest in said land. Rev. Stats., art. 3368; Acts 1895, p. 35.

The court erred in rendering judgment in favor of the defendant and against the plaintiffs, because the evidence shows the plaintiffs had paid all the taxes upon said land for each of the years as required by law, and the payments by defendant, if any, were made after payments by plaintiffs and when no taxes were due upon said land. A person claiming title under the five years statute must show that he was claiming title thereto by rendering and paying taxes thereon in the manner provided by law. Rev. Stats., art, 3342; Dutton v. Thompson, 85 Texas, 115; Morrison v. Kelly, 22 Ill., 610; Iowa Railway Co. v. Guthrie, 53 Iowa, 387; Ross v. Coat, 58 Ill., 56; Carpenter v. Lewis, 119 Cal., 18; Cavanaugh v. Jackson, 99 Cal., 672; Stearns v. Gittings, 23 Ill., 387; Bolden v. Sherman, 101 Ill., 483; Ely v. Brown, 56 N. E. Rep., 181; Morris v. St. Louis Nat. Bank., 17 Colo., 231.

BROWN, Associate Justice.—On August 22, 1901, plaintiffs instituted this suit in the form of trespass to try title in the District Court of Tom Green County against J. T. Thomson. The plaintiffs in this suit are the same as the plaintiffs in a former suit hereafter described, or are the devisees and heirs of some of those plaintiffs, now deceased. The suit last referred to was instituted by the heirs of Abraham Young in the District Court of Tom Green County against J. T. Thomson and Joseph Spence to recover the same land now sought to be recovered in this suit, and on the 23d of November, 1888, judgment was rendered in that cause in favor of the plaintiffs against the defendants, which judgment has not been set aside nor reversed.

The defendant, Thomson, pleaded in this case not guilty, and in proper form set up as a defense to this action the statute of limitation of five years and of ten years.

Plaintiffs deraigned title to Alexander Pope and it was agreed that Pope's title was in Abraham Young, the ancestor of plaintiffs. The defendant, Thomson, introduced (1) a quitclaim deed from James E. Brown to Joseph Spence and J. T. Thomson, dated in 1885, conveying the land sued for in this case. (2) Quitclaim deed from Chas. T. Potter to George B. Jackson, dated October 20, 1894, describing the land in controversy and duly recorded in the proper county on February 9, 1895. (3) Special warranty deed from George B. Jackson to J. F. Williams for the same land, dated October 29, 1897, recorded in the proper county on November 1, 1897. (4) A deed from J. F. Williams to J. T. Thomson, dated February 20, 1900, conveying the land and duly recorded in the proper county February 23, 1900.

The payment of taxes upon the land was proved to have been made to the State for the years 1895 to and including 1897 in the name of George B. Jackson, and for the years 1898 and 1899 in the name of J. F. Williams, and for the years 1900 and 1901 in the name of J. T. Thomson. Defendant proved the payment of taxes for each year by producing a receipt from the tax collector of the county in which the land was situated. Plaintiffs also proved payment of the taxes from 1895 to 1901 inclusive, and they paid each year before defendant paid.

The undisputed evidence shows that the land in controversy was embraced within the inclosure of a pasture claimed by Thomson and Spence in 1885 and at the time the suit was brought in 1888. No question is made in this case as to the sufficiency of the inclosure to sustain the statute of limitations, and we will therefore not enter into any details as to that matter. Thomson and Spence had possession of the pasture from 1885 up to the time of the entry of judgment in 1888. No writ of possession was issued upon the judgment, and no possession was ever given to the plaintiffs of the land under that judgment, but Thomson and Spence continued in the possession of the land until Thomson bought Spence's interest, after which Thomson occupied the land until the 20th of October, 1894, when Thomson took a lease from Jackson, acknowledging his title to the land, and continued in possession and control of the land, claiming it under Jackson's title, until October 29, 1897, when the land was conveyed by Jackson to Williams; from which time Thomson held possession in his own right, claiming under the deed to Williams.

Thomson's testimony shows that at his instance the conveyance was made by Jackson to Williams, and that he, Thomson, furnished the money with which Williams purchased the land, and had the deed made in Williams' name to be held for him, Thomson. There is much evidence concerning this matter of possession and the change of title from one person to another, but we believe that this statement of the facts will be sufficient to understand the questions which are presented in this case. At the trial in the District Court judgment was rendered for Thomson, which was reversed by the Court of Civil Appeals and judgment rendered for defendants in error.

The honorable Court of Civil Appeals held that when Jackson conveyed the land to Williams Thomson's possession was broken, although he continued in the possession and received Jackson's title by virtue of the deed made to Williams. This ruling is based· upon the proposition that one in possession of land, claiming it as his own under a deed made for his benefit to a third person, can not acquire title by limitation under the statute of five years. In so holding, that honorable court erred, for which its judgment must be reversed.

The statute is in the following language: "Every suit to be instituted to recover real estate as against any person having peaceable adverse possession thereof, cultivating, using or enjoying the same, and paying taxes thereon, if any, and claiming under a deed or deeds duly registered, shall be instituted within five years," etc. It will be observed that the statute does not prescribe that the person in possession shall claim under a deed in his own name. A tenant claims land under the deed to his landlord and the heir claims under the deed to his ancestor, yet the possession of either tenant or heir under such a deed will support a plea of five years limitation. Thomson claimed the land for himself under deeds duly registered and was within the terms of our statute. Possession gives notice of a right in the occupant, the nature of which may be ascertained by inquiry of him. If inquiry had been made of Thomson as to the right·by which he held possession he would no doubt have referred his right to the deed from Jackson to Williams, because it was under that deed he claimed title to the land. If the plaintiffs had observed the possession of Thomson while he held as tenant under Jackson they would not, without inquiry, have known more as to the title he held under than they knew when they saw him holding for himself under the deed to Williams. We can see no reason why the person in whom the title is may not as well hold the possession under the deed which conveys the title to his trustee as that a tenant, or an heir, should hold under a deed to his landlord or to his ancestor. If Williams, the trustee, had gone into actual possession, that possession would have inured to the benefit of Thomson, the beneficiary; for a stronger reason the possession of the latter would sustain his own claim.

The defendants in error insist that after the judgment in their favor was rendered against Thomson and Spence in 1888, the latter became the tenants at sufferance of plaintiffs in that judgment, and that, until notice of a repudiation of that relation, Thomson could not acquire adverse possession so as to constitute title against them by limitation. We find these cases which sustain that position: Root v. Woolworth, 150 U. S., 401; Hintrager v. Smith, 89 Iowa, 270. But in the case of Pendleton v. McMains, 8 Texas Ct. Rep., 52, the Court of Civil Appeals of the Fourth District held the contrary doctrine. Judge Fly for the court said: "More than thirteen years had elapsed after the rendition of the judgment before this suit was instituted, and during all those years defendants in error had been in possession of the land and claiming title to it against the world. There is no peculiar sacredness in a title to

land obtained through a judgment that lifts it out of the scope and purview of statutes of limitation, and if the possession be adverse for ten years, whether it be by the defendant in the judgment or anyone else, it will perfect a title." Application for writ of error was made in that case to this court and was denied. The point at issue was presented by the application. This court has held that a vendor, by executed conveyance, who remains in possession of the land, claiming it as his own, without notice other than possession, may acquire against his vendee a title by limitation. Smith v. Montes, 11 Texas, 24; Harn v. Smith, 79 Texas, 310; Texas & P. Ry. Co. v. Maynard, 51 S. W. Rep., 255; Knight v. Knight, 178 Ill., 553; Stearns v. Henderson, 9 Cush., 497; Murray v. Hagle, 9 So. Rep., 368.

Plaintiffs in error also contend that they having paid taxes on the land for the several years from 1895 to 1901 inclusive, prior to the time when Thomson paid taxes for the same years, the latter could not by paying taxes thereon acquire title by virtue of his possession for five years. We are of opinion that while in possession of the land Thomson had the right to render it for taxation in the name of the person for whom he was holding, or in his own right when holding for himself, and thus to comply with the statutory requirement that he should pay taxes during the continuance of his possession, notwithstanding other persons claiming the same land might, at the same time, pay taxes thereon. Cavanaugh v. Jackson, 99 Cal., 672. Neither was it necessary for Thomson to produce the rendition of the land for taxation by him, for the receipts of the tax collector of the county for the taxes of each year proved, prima facie, that the land had been rendered for taxes for that year, because such collector had no power to make the collection except upon the rendition of the land.

It is also claimed by the defendants in error that the court erred in holding all of the plaintiffs barred by the statute of limitation, because some of them were married women from a time prior to the year 1895 and before Thomson's possession of the land began. As to those who survived until the suit was begun, the contention is not sound, but one of the married women, Mrs. Dopplemeyer, having died before limitation had run against her, the statute was suspended for one year, which had not expired when this suit was filed; therefore the District Court erred in entering judgment against the heirs of Mrs. Dopplemeyer upon the plea of limitation.

It is ordered that the judgment of the Court of Civil Appeals be reversed and that the cause be remanded to the District Court.

*Reversed and remanded.*