**J. F. PARK, Appellant,**

v.

**J. R. SWEETEN et ux., Appellees.**

**No. 12666.**

Court of Civil Appeals of Texas.

San Antonio.

June 23, 1954.

Rehearing Denied Sept. 8, 1954.

'Robert A. Sone, Corpus Christi, L. Hamilton Lowe, Austin, for appellant.

C. H. Gilmer, Rocksprings, Looney, Clark, Moorhead, Charles D. Matthews, Austin, for appellees.

NORVELL, Justice.

■ The controlling question to be determined upon this appeal is whether or not one holding over after a consent judgment rendered against him is to be considered as a tenant at sufferance of the person in whom the title to the real property is vested by the judgment.[1] In the present action the question arises in this way. W. O. Hutcherson and his wife, Mrs. A. J. Hutcherson, were the owners of 160 acres of land described as the West one-quarter of Survey No. 22, Block No. Three, Original Grantee, T. W. N. G. Ry. Co., situated in Real County, Texas. In 1913 they entered into an agreement with one of their sons, I. I. Hutcherson, whereby, in consideration of his promise to take care of them the balance of their lives, they agreed to convey to him certain property including the West quarter of said Survey No. 22. Evidently the conveyance was made and the parties continued to live upon the premises until the death of W. O. Hutcherson, which was followed by that of I. I. Hutcherson in May of 1931. Approximately eleven months before his

death, I. I. Hutcherson married Gladys Taylor, who was then about eighteen years of age. She afterwards married John R. Sweeten and they are the appellees upon this appeal. In 1932, Mrs. A. J. Hutcherson and others brought suit against John R. Sweeten and Gladys Sweeten, who were then in possession of the premises, seeking to recover title thereto by reason of the death of I. I. Hutcherson, and his consequent inability to provide and care for Mrs. A. J. Hutcherson until her death. This suit was settled by an agreed judgment whereby it was decreed that the fee simple title to the 160 acres of land be vested in Mrs. A. J. Hutcherson. Gladys Sweeten, as the heir of I. I. Hutcherson, recovered certain interests in property not involved in this lawsuit.

This judgment was rendered on May 30, 1934, and on June 21st of the same year Mrs. A. J. Hutcherson conveyed the property to her children, T. B. Hutcherson, B. K. Hutcherson and Mrs. M. S. Manor. In 1938, B. K. Hutcherson, Mrs. M. S. Manor and the heirs of T. B. Hutcherson conveyed the property to Lon Felts, who in turn conveyed to appellant, J. F. Park, in 1947. Park filed this suit on December 23, 1947. The Sweetens were in possession of the premises at and prior to May 30, 1934, the day of the entry of the consent judgment vesting title in Mrs. A. J. Hutcherson and remained in such possession until the date the suit was filed. They set up the ten-year statute, Article 5510, Vernon's Ann.Civ. Stats., as a defense and judgment was rendered in their favor upon two jury findings.

The first issue simply inquired if the Sweetens had held adverse possession of the premises for any consecutive ten year

1. There is one preliminary contention raised by appellees' first counter-point, which we regard as being without merit. 41-A Tex.Jur. 665, Trespass to Try Title, § 137. It is asserted that there was a fatal variance between the description of land contained in the judgment of May 30, 1934, and the description contained in the petition. The primary basis of this contention seems to be the use of the word "Section" in the petition and the word "Survey" in the judgment. While the terms are not identical, they are occasionally used interchangeably. No objection to the introduction of the judgment or other title papers in evidence, based upon an asserted variance has been pointed out to us. The matter appears to have been raised for the first time in this Court. It seems to have been conceded in the court below that the judgment operated to divest title in and to the land described in the petition and involved in the suit, out of Gladys Sweeten and vest the same in Mrs. A. J. Hutcherson.

period between May 30, 1934, and December 23, 1947. This issue was answered favorably to the Sweetens and unless it can be said that after the rendition of the judgment mentioned the Sweetens held as permissive tenants of Mrs. A. J. Hutcherson, the judgment should undoubtedly be affirmed. .

By the second issue, it was assumed that the Sweetens were permissive tenants of Mrs. A. J. Hutcherson immediately after the rendition of judgment and the court attempted to submit the theory that the Sweetens had repudiated such tenancy and that thereafter their possession was of such unequivocal notoriety that appellant would be presumed to have notice of such adverse claim and possession. Appellant strongly urges a number of objections to the wording of this issue and the failure to give certain requested explanatory instructions. However, under our view of the case, it is unnecessary to discuss these contentions in detail.

■ In our opinion, the judgment cannot be sustained by the jury's answer to the second issue because in legal contemplation there is "no evidence" supporting the finding. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059. It was not contended that appellees gave actual notice of a repudiation of tenancy to Mrs. A. J. Hutcherson or to her children, who were the holders of the record title from the date of the judgment until the conveyance to Lon Felts in 1938. As suit was filed on December 23, 1947, repudiation and notorious acts evidencing such repudiation must have taken place between May 30, 1934, and December 23, 1937, a period of approximately three years and seven months after the date of the judgment. When we limit our consideration to this period, it is found that the possession of appellees was of substantially the same nature and kind as that maintained by them prior to the rendition of the judgment. Under ordinary circumstances, it would be sufficient to support a finding of adverse possession under the statute, but it is insufficient to show a repudiation of tenancy by acts of unequivocal notoriety.

The cases sustaining repudiation of tenancy by acts of unequivocal notoriety as distinguished from actual notice of repudiation, generally rely upon long continued possession and user coupled with nonclaimer on the part of the true owner. For instance, it may be that the evidence in this case would fulfill these requirements if the date of December 23 of the year 1945 were taken, but it is not sufficient to show the requisite quality of possession at the time of the crucial date of this lawsuit, that is, December 23, 1937, ten years prior to the filing of appellant's petition. We have had occasion to consider at some length the position of one originally holding as a permissive tenant in connection with the real property statute of limitations. Brown v. Bickford, Tex.Civ.App., 237 S.W.2d 763. Under the rule, as laid down in the case cited, and the authorities therein referred to, it appears that the evidence is insufficient as a matter of law to sustain the jury's finding, and we so hold.

■ Appellees advance an alternative theory of recovery which is also predicated upon the jury's answer to the second issue. As shown by the statement heretofore made, the property involved was conveyed by Mrs. A. J. Hutcherson to her children shortly after the judgment of May 30, 1934, was rendered and by them to another party some four years later. It is urged that these subsequent holders were charged with knowledge of the fact that the Sweetens were holding adversely to the record title. It is a rule of general application that a purchaser is charged with notice of the rights of one in actual possession of property. Likewise, it will be presumed, in the absence of a proper showing to the contrary, that one who enters as a permissive tenant continues to hold as such. The second jury issue assumes that the Sweetens by holding over after the judgment rendered against them were holding as tenants of the prevailing party in the judgment, Mrs. A. J. Hutcherson. This being true, the purchasers or successors in title of Mrs. Hutcherson would not be charged with notice that a repudiation of such tenancy had taken place. The burden still remained up-

on the erstwhile permissive tenant to show a repudiation of such tenancy and not upon the purchaser to show that such repudiation had not taken place. The situation of one holding over after the entry of judgment against him, if the same gives rise to a tenancy of sufferance, is similar to a holding over after the execution of a deed. In Texas Jurisprudence, it is stated with the citation of numerous authorities that, "In case of a resale by the purchaser who acquired the property under a deed purporting to convey to him the title of the vendor, the mere fact that the vendor is still in possession affords no notice to the subsequent purchaser of any right or title remaining in him." 43 Tex.Jur. 664, Vendor & Purchaser, § 391.

So far, we have considered the case in connection with the second issue submitted to the jury, which assumes that the Sweetens were permissive tenants of Mrs. A. J. Hutcherson. We now examine this assumption. Appellees strongly urge that there is no sound basis for saying that the Sweetens ever were the permissive tenants of Mrs. A. J. Hutcherson.

It appears that there is a conflict of decisions upon the point at issue and the authorities must be examined in some detail. We may for discussion purposes recognize three categories of factual situation and examine each to determine if there be in principle a valid distinction between or among them, viz.: (1) the grantor retains possession after the execution of a deed, (2) the losing party in an adversary suit retains possession after judgment rendered against him, and (3) a party who has consented to a judgment divesting him of title nevertheless retains possession.

■ As to the first case or situation mentioned, it is recognized as the majority rule in the encyclopedias and by the text writers that when one remains in possession of property after the execution of a deed thereto, he is under a burden to show that thereafter his use and occupation of the land was inconsistent with and hostile to the claims of the grantee. The grantor is regarded as a tenant at sufferance of the

grantee and his possession subservient to the title of the grantee, and he must show notice of repudiation of the presumed relationship. 2 C.J.S., Adverse Possession, § 95, p. 652; 1 Am.Jur. 818, Adverse Possession, § 47; 2 Powell on Real Property 392, § 259; 3 American Law of Property 791, § 15.6; 5 Thompson on Real Property 459, § 2648; 4 Tiffany, Law of Real Property, 518, § 1182. Tiffany, while recognizing the general rule, remarks in the citation last noted that, "the cases do not clearly explain why the possession of the grantor is thus presumed not to be in his own behalf, * * * (and that) the desirability of regarding the grantor as a tenant of the grantee, or as otherwise holding in behalf of the latter, in the absence of any evidence to that effect, appears to be open to question." And there are Texas authorities, notably Smith v. Montes, 11 Tex. 24, hereinafter discussed, which do not support the prevailing rule, but the great weight of American authorities and the later decisions of our Supreme Court are to the effect that the holding over by a grantor is presumedly not adverse to the grantee. Kidd v. Young, 144 Tex. 322, 190 S.W.2d 65.

■ Our investigation of the authorities likewise convinces us that the general American rule, as well as that now prevailing in Texas, is that one holding over after a judgment divesting him of title to real property is likewise to be considered as a tenant at sufferance of the prevailing party in the suit.

It is said in Corpus Juris Secundum that, "Where a defendant in a suit to quiet title remains in possession or assumes possession after a decree adverse to him and vesting title in another, his possession is presumed to be in subordination to the true owner and does not become adverse without express notice of his adverse claim brought home to said owner." 2 C.J.S., Adverse Possession, § 120, p. 672.

In Texas Jurisprudence, it is said, primarily upon authority of Davis v. Morley, Tex.Civ.App., 169 S.W.2d 561, that "the law is well settled that the continued possession of land after a judgment of a court

of competent jurisdiction has been rendered in which the possessor is divested of title and the title is vested in another is considered in subordination to the title so adjudicated. The one from whom title has been divested may not assert adverse possession after the decree without bringing notice to the one in whose favor judgment was rendered that his claim is adverse and hostile." 1 Tex.Jur., Ten Year Supp., 188, § 69a.

Davis v. Morley follows the opinion of the Supreme Court of the United States in Root v. Woolworth, 150 U.S. 401, 14 S.Ct. 136, 37 L.Ed. 1123, which seems to be the leading case upon the point. Pendleton v. McMains, 32 Tex.Civ.App., 575, 75 S.W. 349, and Thomson v. Weisman, 98 Tex. 170, 82 S.W. 503, 504, undoubtedly support a contrary doctrine. We quote from Mr. Justice Brown's opinion in the Weisman case:

"The defendants in error insist that, after the judgment in their favor was rendered against Thomson and Spence in 1888, the latter became the tenants at sufferance of plaintiffs in that judgment, and that, until notice of a repudiation of that relation, Thomson could not acquire adverse possession so as to constitute title against them by limitation. We find these cases which sustain that position: Root v. Woolworth, 150 U.S. 401, 14 Sup.Ct. 136, 37 L.Ed. 1123; Hintrager v. Smith, 89 Iowa 270, 56 N.W. 456. But in the case of Pendleton v. McMains [32 Tex.Civ.App. 575], 75 S.W. 349, 8 Tex.Ct.Rep. 52, the Court of Civil Appeals of the Fourth District held the contrary doctrine. Judge Fly, for the court, said: 'More than thirteen years had elapsed after the rendition of the judgment before this suit was instituted, and during all those years defendants in error had been in possession of the land and claiming title to it against the world. There is no peculiar sacredness in a title to land obtained through a judgment that lifts it out of the scope and purview of statutes of limitation, and, if the possession be adverse for ten years, whether it be by the defendant in the judgment or any one else, it will perfect a title.' Application for writ of error

was made in that case to this court, and was denied. The point at issue was presented by the application. This court has held that a vendor, by executed conveyance, who remains in possession of the land, claiming it as his own, without notice other than possession, may acquire against his vendee a title by limitation. Smith v. Montes, 11 Tex. 24; Harn v. Smith, 79 Tex. 310, 15 S.W. 240, 23 Am.St.Rep. 340; Texas & P. Ry. Co. v. Maynard (Tex.Civ. App.), 51 S.W. 255; Knight v. Knight, 178 Ill. 553, 53 N.E. 306; Stearns v. Hendersass, 9 Cush. [Mass.], 497, 57 Am.Dec. 65; Murray v. Hoyle [92 Ala. 559], 9 So. 368."

Except for later decisions, notably that of Kidd v. Young, 144 Tex. 322, 190 S.W. 2d 65, we would be inclined to consider Thomson v. Weisman as establishing a Texas rule contrary to the general American rule represented by the cited case of Root v. Woolworth. However, it should be noted that Pendleton v. McMains contains no citation or discussion of authorities upon the point, and that the cited cases of Smith v. Montes, 11 Tex. 24, and Harn v. Smith, 79 Tex. 310, 15 S.W. 240, involve the execution of deeds and demonstrate that in Judge Brown's opinion the same principle was involved where one held over after judgment was rendered against him as when a grantor retained possession after having executed a deed. In the principal supporting authority cited, Smith v. Montes, 11 Tex. 24, Chief Justice Hemphill, speaking at an early day of our jurisprudence, states his position as follows:

"The objection to the charge is, that, after the sale, the vendor became tenant at will to the purchaser, and could not set up title by possession—and it is said, that, according to the authorities, the relation of landlord and tenant existed between the vendor and vendee. No such authority has been cited; and if any such could be found, I should doubt whether the doctrine could be supported on principle. As long as the contract remains executory, there is, under certain circumstances, a species of trust between the vendor and vendee, which will suspend the

statute; and this relation will exist until the transaction is completed, or until it is disavowed or extinguished by the lapse of time and the laches of the party in seeking his redress, But, in this case, the contract was executed. The defendant claims by deed. No further act, on the part of the vendor, was necessary for the transfer of her right. All relations of a fiduciary character had ceased; and there was no reason why the statute should stop its course, or why it should not bring repose and quiet to these parties, as it does to others, by its salutary operation; and I am aware of no principle of law, which would prevent a vendor, who, after title has passed, remains in the undisturbed and exclusive possession of the property, without recognition of the vendee's rights, from claiming the benefit of the statute."

We may regard this as a strong entry into the competition of the "market place of ideas," but it is not pertinent to say that it should have been accepted. The material fact is that this view was rejected. It is contrary to the presently accepted rule and has been overruled in this State. Kidd v. Young, 144 Tex. 322, 190 S.W.2d 65.

We are likewise of the opinion that Thomson v. Weisman, which is based upon and follows Smith v. Montes, has been overruled. We are aware of the fact that a distinction has been attempted between one holding over after judgment rendered against him and one holding over after the execution of a deed. Harvey v. Peters, Tex.Civ.App., 227 S.W.2d 867, but this does not seem to provide a satisfactory solution of the matter. The rational bases of both Smith v. Montes and Thomson v. Weisman are the same and this was made abundantly clear by Mr. Justice Brown in his opinion. To now differentiate between the two cases is to supply an artificial distinction which Judge Brown did not recognize or accept. The prevailing rule, representing as it does the sum total of the American experience, is entitled to and generally accorded great weight and respect, as is evidenced by the opinion in Kidd v. Young, 144 Tex. 322, 190 S.W.2d 65, citing Corpus Juris Secundum and American Jurisprudence, with their abundant supporting authorities. If, however, for the good of our local jurisprudence, we are to follow a way contrary to that indicated by the general rule, we should set our sails firmly in accordance with Smith v. Montes and proceed directly into the wind rather than list off course with our flag at half-mast.

We are of the opinion that no logical distinction can be drawn or is now drawn between a holding over after the execution of a deed or after the rendition of a judgment which is either adversary in nature or by consent. In view of the attempted distinction of Harvey v. Peters, Tex.Civ.App., 227 S.W.2d 867, we might point out that the judgment here involved is one entered by consent and partakes of the nature of a contract. Plumly v. Plumly, Tex.Civ.App., 210 S.W.2d 177. The Sweetens went into court and solemnly agreed for considerations deemed sufficient to them, that Mrs. Sweeten should be divested of all title or claim of title inuring to her through and under her deceased husband, I. I. Hutcherson, and that title should be vested in Mrs. A. J. Hutcherson. We are unable to distinguish this situation from that of a grantor and grantee. Agreed judgments and deeds are both contracts which may effect a transfer of property rights.

Being of the opinion that the verdict of the jury is without support in the evidence, the record title should prevail.

The judgment of the trial court is reversed and here rendered for appellant.

Reversed and rendered.