Freeda L. SHEPHERD and Davis Tyer, Plaintiffs in Error,

v.

Sarah LYLE, Administratrix of the Estate of Stephen Mayfield, Deceased, Defendants in Error.

No. 40260.

Supreme Court of Oklahoma.

Sept. 29, 1964.

Hal Welch, Hugo, and Henry Dolezal, Perry, for plaintiff in error.

Al T. Singletary and Emmett V. Rosser, Jr., Perry, for defendant in error.

WILLIAMS, Justice.

The question for determination in this appeal is whether one in possession of real estate who by a judgment has title quieted against him may remain in possession and acquire title by adverse possession without first bringing notice home to the owner that he is seeking to acquire such a title by prescription. Our decision is that he may not.

Defendant in error as plaintiff initiated this action to quiet title to certain hereinafter described lands in Noble County. The plaintiffs in error, defendants below, residents of Choctaw County, are the surviving children and heirs of Robert L. Tyer, record owner of the lands here involved. Our continued reference to the parties is as they appeared in the trial court.

In a judgment previously rendered on September 10, 1931, the trial court had adjudged that: " * * * the plaintiff and the defendants, Stephen and Stella Mayfield, have no interest in said real estate, and that they are barred and enjoined from having or claiming to have any interest in the real estate and the title of Robert Tyer is quieted against the claims of the plaintiff and the defendants, Mayfield, and Robert Tyer is awarded judgment for his costs."

In the trial below of the case from which this appeal arose the parties stipulated that "on September 11, 1931, Stephen Mayfield was in possession of this property which is the subject matter of this action and that he remained in possession of this property up to the date of his death". Such stipulation was referred to by counsel for plaintiff in his opening statement, as follows: "It is stipulated and it's not a matter of dispute, that at the time of the rendition of that judgment in 1931 Stephen Mayfield was in

possession of this property and stayed in possession of this property until the date of his death in 1942."

In its judgment from which the present appeal was taken, the trial court found that "under and by virtue of a [the former] judgment heretofore rendered in this court on the 10th day of September, 1931, in case No. 3820, Robert Tyer was the owner of that certain real property described as: 'The West Half (W¼) of the Northwest Quarter (NW¼) of Section Thirty-four (34), Township Twenty (20) North, Range One (1) East of the Indian Meridian in Noble County, Oklahoma,' free and clear of any right, title, claim or equity in and to said real property on the part of Stephen Mayfield, or any person claiming by, through or under him.

"That thereafter, and prior to the death of the said Stephen Mayfield, the said Stephen Mayfield went into the adverse possession of the above described real property, claiming to be the owner thereof against all persons, including the said Robert Tyer, and all persons claiming by, through or under him, and that said adverse possession on the part of the said Stephen Mayfield was adverse, open, visible, continuous, uninterrupted and exclusive, and was of such nature as to put any person upon notice of such claims on the part of the said Stephen Mayfield, and that such possession continued in the manner aforesaid up to and including the date of the death of Stephen Mayfield, which occurred on January 22, 1942.

"That at all times thereafter, possession of the same has been claimed by Sarah Lyle, Administratrix of the estate of Stephen Mayfield, deceased, in the same manner and to the same effect as was claimed by the said Stephen Mayfield during his lifetime, and that such possession continued from the date of the death of the said Stephen Mayfield up to and including the present day, and that such possession by said administratrix was a continuation of the same possession held by Stephen Mayfield at the time of his death, and said possession,

being for more than fifteen (15) years, was sufficient to and did vest the absolute fee simple title in and to the West Half of the Northwest Quarter of Section 34, Township 20 North, Range 1 East of the Indian Meridian in Noble County, Oklahoma, in the heirs at law of Stephen Mayfield, deceased, and Sarah Lyle, as Administratrix of the Estate of Stephen Mayfield, deceased, free and clear of any right, title, interest or equity therein on the part of the said Robert Tyer, or any person claiming by, through or under him." From this later judgment and the overruling of their motion for a new trial, defendants appeal.

For reversal defendants advance four propositions. We consider their fourth proposition determinative of this appeal. It is as follows:

"Independent of the point that plaintiff's evidence was insufficient to show open, notorious, continuous, hostile and adverse possession with the degree and certainty required by law, the judgment of the district court in Case No. 3820, entered on September 10, 1931, in favor of Robert Tyer, (Predecessor in title of appellants), and against Stephen Mayfield (through whom plaintiff claims), wherein Stephen Mayfield was: '* * * barred and enjoined from having or claiming to have any interest in the real estate, and the title of Robert Tyer is quieted against the claims of plaintiff, and the defendant, Mayfield * * *' Precludes the claim that the possession of Stephen Mayfield and his successors in title was adverse in its legal nature."

In answer to such proposition plaintiff argues that "the evidence conclusively proves that Stephen Mayfield was admittedly in possession of the real property which is the subject matter of this action from 1931 until the date of his death in 1942"; that Stephen Mayfield appeared on the tax rolls as the owner of the property continuously since 1938; that "the record is absolutely void of any evidence that either he or plaintiff was holding possession in subordination

to any person"; that "the record affirmatively shows that title was claimed by Stephen Mayfield during his lifetime and subsequently by his administratrix, against all persons".

In 2 C.J.S. Adverse Possession § 120, p. 672, is the following language:

"* * * Where a defendant in a suit to quiet title remains in possession or assumes possession after a decree adverse to him and vesting title in another, his possession is presumed to be in subordination to the true owner and does not become adverse without express notice of his adverse claim brought home to said owner."

In the case of Green v. Vance, Tex.Civ. App., 311 S.W.2d 738, 739, 740, 741, 742, an action "for title and possession of 5 acres of land known as Farm Tract No. 2408" wherein the facts are similar to those of the instant case, the court said:

"The appellant's [Green's] claim is based upon his asserted adverse possession for a period of ten years or more between March 12, 1940, and August 16, 1956, the date of the filing of this suit. Appellant offered proof to establish that he either personally or by tenants occupied and used the land within the enclosure continuously from 1940 until August 16, 1956. * * *"

* * * * * *

"The tax records reflected that both the appellant and appellee, Cullen B. Vance, rendered Tract No. 2408 for taxes beginning with the year 1943 and continuing through 1956 and paid taxes thereon during the same period.

"It was shown that on October 1, 1939, appellant, Rowen Green, filed a trespass-to-try-title suit against Margaret Bateman, appellees' predecessor in title, * * * for the title and possession of * * * Tract No. 2408. It was also shown by a certified copy of the judgment in that case that * * * the court directed a verdict against him [Green] and entered judgment denying

him a recovery against the defendants or any of them."

* * * * * *

"It was undisputed that subsequent to that judgment appellant Green had never given any oral or written notice to either Margaret Bateman or any of the appellees that he was asserting any adverse claim to Tract No. 2408 * * *."

"At the close of the testimony appellees Vance moved for an instructed verdict because under the undisputed proof appellant continued in possession of Tract No. 2408 after the judgment of March 13, 1940, as their tenant at sufferance and, as a matter of law, he could not assert an adverse claim without first giving them or their predecessor in title, Mrs. Bateman, actual notice thereof; * * *.

"Appellant likewise moved for an instructed verdict, contending that the undisputed proof showed that he and those holding under him had maintained under a claim of right continuous and uninterrupted possession of the tract for more than 13 years, using and cultivating the same, all of which was enclosed by a fence capable of turning stock. * * *"

* * * * * *

"* * * (I)t was held in Davis v. Morley, Tex.Civ.App., 169 S.W.2d 561, 567, that * * *.

"'The law is well settled that the continued possession of land after a judgment of a court of competent jurisdiction has been rendered in which the possessor is divested of title and the title is vested in another is considered in subordination to the title so adjudicated. Appellant could not assert adverse possession after the decree against her without bringing express notice to appellee that her claim was adverse and hostile to that of the latter. Without such notice, her possession during the time intervening between the

decree and the institution of the instant suit gave her no better right than she possessed before the decree was entered. Such notice not having been given, her possession was not adverse but was subordinate to the title of appellee. Root v. Woolworth, 150 U.S. 401, 14 S.Ct. 136, 37 L.Ed. 1123; * * *'"

* * * * * *

"After a careful study of the authorities, we agree with the opinion as expressed by the Court of Civil Appeals in Park v. Sweeten, supra [270 S.W.2d 687], that no logical distinction can be drawn between a holding over after the execution of a deed and a holding over after the rendition of a judgment which is either adversary in nature or by consent. To draw any such distinction, we believe, would not only be contrary to sound reasoning but also contrary to the expressions found in the opinions of some of our appellate courts, as heretofore pointed out, and the weight of the American authorities. * * * .

"It is undisputed in this case that the appellant gave no actual notice of any adverse claim, but only continued to keep the tract in suit enclosed in his pasture after the rendition of the March 13, 1940, judgment. Such possession amounted to no more than that of a tenant at sufferance, and was wholly insufficient to raise any issue of fact under the ten-year statute of limitations. Scott v. Rodgers, Tex.Com.App., 6 S.W.2d 731; Kidd v. Young, 144 Tex. 322, 190 S.W.2d 65; Park v. Sweeten, supra."

In Green v. Vance, 158 Tex. 550, 314 S.W.2d 794, the Supreme Court of Texas approved the above holding of the Court of Civil Appeals. See, also, the cases of Barton v. Meeks, 209 Ark. 903, 193 S.W.2d 138, 139; Green v. Strubbe, 234 Ky. 380, 28 S.W.2d 469; Stewart v. Stewart, 83 Wis. 364, 53 N.W. 686, 35 Am.St.Rep. 67; and Jaffray v. Mies, 80 Cal.App.2d 291, 181 P.2d 672, 674.

In the third paragraph of the syllabus in Brown v. Privette, 109 Okl. 1, 234 P. 577, we held:

"By the execution and delivery of a deed in general terms, the entire legal interest in the premises vests in the grantee, and if the grantor continues in possession afterward, his possession will be that either of tenant or trustee of the grantee. He will be regarded as holding the premises in subserviency to the grantee, and nothing short of an explicit disclaimer of such a relation and a notorious assertion of right in himself will be sufficient to change the character of his possession. In such case, the grantor is not deemed, in law, to have adverse possession against his grantee or those deriving title from him."

We have searched the record and fail to find any evidence of express notice from Stephen Mayfield or his successor in interest to Robert Tyer or any of his successors in interest that their claim was adverse and hostile to that of the latter. Neither has plaintiff called our attention to any such evidence. In fact, plaintiff has not answered defendant's contention that the holding over by Mayfield and his successor in interest following the 1931 judgment was not adverse and hostile absent express notice of such intent to Tyer or his successors in interest. Plaintiff advances no reason why we should not follow the rule as stated in C.J.S., supra.

In Hassell v. Texaco, Inc., Okl., 372 P.2d 233, we said:

"The doctrine of adverse possession is to be taken strictly. Such a possession is not to be made out by inference, but may be made out only by clear and positive proof, with every presumption in favor of possession in subordination to the title of the true owner. See Coats v. Riley, 154 Okl. 291, 7 P.2d 644."

Rather than accept the conclusion reached by the trial court, we prefer to follow the reasoning of the Texas Court set forth in

the Vance case, supra, which followed the weight of authorities, and we adhere to the rule announced therein.

In Holmes v. McKey, Okl., 383 P.2d 655 in the first paragraph of the syllabus this Court held:

"In a case of equitable cognizance, this court has always reserved the right and acknowledged the duty to set aside the judgment of the trial court when it appears from the record that the conclusions reached by the trial court are clearly against the weight of the evidence."

Accordingly, the judgment of the trial court is reversed and cause remanded to that court with directions to enter judgment for defendants that plaintiff take nothing.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, JOHNSON, JACKSON and BERRY, JJ., concur.