CHARLES ROBERTS v. FELLMAN DRY GOODS COMPANY.

Decided April 14, 1906.

**Agreed Boundary Line.**

The respective owners of two adjacent vacant lots built by agreement a party wall between said lots, believing at the time that said wall was situated upon the true division line between said lots, and that half of said wall was upon each lot. This agreed location of the line was acquiesced in by said owners and those claiming under them until a survey, sixteen years thereafter, showed that said wall was not on the true line between said lots, but

was almost entirely on one of the lots. Held, the parol agreement fixing the division line between the lots was not within the statute of frauds, and having been acted upon and acquiesced in for sixteen years must be held binding between the parties. The fact that there was no dispute as to the location of the line was immaterial.

Appeal from the District Court of Galveston County. Tried below before Hon. Geo. E. Mann, Special Judge.

*Maco & Minor Stewart,* for appellant.—The conveyance of an interest in wall, reciting same to stand one-half on lot 10 and one-half on lot 9, was not an agreement as to boundary between the lots, and did not affect boundary. Wright v. Lassiter, 71 Texas, 644; Nash v. Kemp, 49 How. Pr. (N. Y.), 522; Nash v. Kemp, 12 Hun (N. Y.), 592-7; Heartt v. Kruger (N. Y.), 9 Law Rep. Ann., 135; Hoffman v. Kuhn, 57 Miss., 746.

Division line located by mistake not binding: Menkens v. Blumenthal, 27 Mo., 198; Knowlton v. Smith, 36 Mo., 507; Bailey v. Jones, 14 Ga., 387; Kincaid v. Dormey, 51 Mo., 552; McAfferty v. Conover, 7 Ohio St., 105; Hubbell v. McCullouch, 47 Barb., 287.

The court erred in not entering judgment for Charles Roberts, defendant, on his cross bill, for all of lot 9, and erred in enjoining and restraining Roberts from entering upon that portion of lot 9 lying to the west of the line extending north and south from the north boundary line of said lot 9 to the south boundary line of said lot 9, and through the immediate center of the brick wall mentioned in conveyance of party wall from J. H. Burnett of date February 4, 1889, it being proven that said Charles Roberts was at time of trial the owner in fee simple of all of lot 9. Bohny v. Petty, 81 Texas, 524; Wiley v. Lindley, 56 S. W. Rep., 1002; Schunior v. Russell, 83 Texas, 96.

*Mart H. Royston,* for appellee.—The instrument executed and delivered by J. H. Burnett to J. M. Burroughs was the evidence of an agreement of the boundary line between lots 9 and 10, made by the respective owners of said lots, and an acknowledgment of the joint ownership by the said J. M. Burroughs of said party wall. Browning v. Atkinson, 46 Texas, 607; Cooper v. Austin, 58 Texas, 501; Harrel v. Houston, 66 Texas, 278; Floyd v. Rice, 28 Texas, 343.

A division line located by mistake is binding upon the parties thereto and their vendees. Bohny v. Petty, 81 Texas, 524; Harn v. Smith, 79 Texas, 312; Levy v. Maddox, 81 Texas, 210; Cooper v. Austin, 58 Texas, 494; Coleman v. Smith, 55 Texas, 259; Browning v. Atkinson, 46 Texas, 607; George v. Thomas, 16 Texas, 89; Bailey v. Baker, 4 Texas Civ. App., 395; Eddie v. Tinnin, 7 Texas Civ. App., 371; Hoxey v. Clay, 20 Texas, 582; Edwards v. Smith, 71 Texas, 156.

The agreement between adjacent property owners of a boundary line does not require the signature of either party, but may be by parol. Harn v. Smith, 79 Texas, 312; Coleman v. Smith, 55 Texas, 259; Browning v. Atkinson, 46 Texas, 608; George v. Thomas, 16 Texas, 89; Bailey v. Baker, 4 Texas Civ. App., 395; Eddie v. Tinnin, 7 Texas Civ. App., 371; Sullivan v. Michael, 87 S. W. Rep., 1062.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by appellee to enjoin appellant from entering upon, or in any way interfering with plaintiff's possession of a parcel of land situated in the city of Galveston, and described in the petition as lot 10 and a strip of 20 inches in width and 120 feet in length off the west side of lot 9 in block 502 in said city.

The petition alleges that plaintiff is the owner of said land by record title from the sovereignty of the soil, and by limitation of ten years, and that defendant is threatening to enter upon said land and forcibly eject plaintiff and remove therefrom improvements placed thereon by plaintiff.

The defendant answered denying that plaintiff was the owner of any portion of lot 9, and asserting that he was the owner thereof, and that the brick wall, mentioned in plaintiff's petition as a party wall and which it was intended should be erected one-half upon lot 9 and one-half upon lot 10, was by mistake placed wholly upon lot 9, and that defendant had no knowledge of such mistake until shortly before the filing of this suit. He prayed that the true division line between said lots be fixed and established, that the equities between the parties be adjusted, and that the temporary injunction which had been issued against him be dissolved.

The trial in the court below was without a jury and resulted in a judgment fixing the division line between plaintiff and defendant by extending a straight line run through the center of said party wall north to the north boundary of said lots and south to their south boundary, and in favor of plaintiff for the title and possession of the land claimed and held by it west of said line, and perpetually enjoining defendant from interfering with plaintiff's possession thereof.

The material facts disclosed by the record are as follows. Lots 9 and 10 in block 502 in the city of Galveston adjoin each other, the west line of lot 9 being the east line of lot 10. This line is 120 feet in length, and extends from Postoffice Street on the south to an alley which runs through said block north of said lots.

In 1889 J. H. Burnett, who owned lot 10, desiring to construct a brick building upon said lot, agreed with J. M. Burroughs, who owned lot 9, to construct a party wall, one-half of which was to rest on lot 9 and the other half on lot 10. After the construction of this wall Burnett executed and delivered to Burroughs the following instrument.

"Galveston, February 4, 1889.

"This is to certify that I, J. H. Burnett, have constructed a sixteen-inch party brick wall, six foot base, three stories high, eighty feet long, on the line dividing lots numbers 9 and 10 in block numbered 502, in the city of Galveston, in the county of Galveston, half on each lot, at a total cost of ten hundred and twenty 76-100 dollars, and have this day received from J. M. Burroughs five hundred and ten 38-100 dollars for the east half of the wall, in full for his half of said party wall.

J. H. Burnett."

This instrument was filed for record by Burroughs November 6,

1889, and was thereafter duly recorded in the proper records of Galveston County.

There is no evidence that there was at the time this wall was constructed any dispute as to the location of the line between said lots, but said line was at that time unmarked and its exact location unknown, both lots being then vacant. Burnett and Burroughs both supposed at the time the agreement was made and the wall constructed that the statement in the instrument as to the location of said line was correct. This wall was 80 feet and 6½ inches in length, and the building of which it forms a part has been continuously occupied by plaintiff and those under whom it claims ever since its construction in 1889. At the time this building was constructed Burnett also constructed a shed north of and adjoining said building which extended back to the alley, and the east wall of which was on a line with the east wall of said brick building. This shed has also been continuously occupied by plaintiff and those under whom it claims ever since its construction.

Appellee purchased lot 10 and the improvements thereon from the estate of J. H. Burnett in March, 1904, and appellant purchased lot 9 from the estate of J. M. Burroughs in 1900.

No claim is shown to have been made by any one that the division line between said lots was not located as fixed by the agreement between Burnett and Burroughs in 1889 until April, 1905, when a survey disclosed that the true location of said line would place it one foot west of the center of said brick wall at its southern end and 7 inches west of the north end of a line run through the center of said wall from the south to the north line of said lot.

When this discovery was made appellant asserted claim to the strip of land lying between the two lines, and threatened to remove the wooden building on the north end of lot 10 by pushing it back to the line claimed by him, but was restrained from doing so by the temporary injunction issued in this suit.

Under his first assignment appellant assails the judgment upon the ground that the court below erred in construing the conveyance by Burnett to Burroughs of the east half of the party wall as an agreement between said parties fixing the location of the boundary line between their lots.

It may be that the conveyance should not be construed as an agreement fixing said boundary line, but the recital in the instrument that the wall was built upon said line, coupled with the evidence showing the knowledge of Burroughs of the actual location of said wall, and his long acquiescence in the possession by Burnett and those claiming under him, up to the line designated in said conveyance, was amply sufficient to sustain the conclusion that the owners of the land, both of whom are now dead, agreed at the time the wall was constructed that the division line between them should be fixed and established as indicated in said conveyance. It is not material that the evidence fails to show that the boundary line between these lots was in dispute at the time the agreement fixing its location was made.

No fraud is alleged on the part of Burnett, and there is no evidence tending to show that the true location of the line was known by either

party at the time the agreement was made, but on the contrary, appellant alleges in his answer that the location of said line was unknown to him until shortly before the institution of this suit, and the only reasonable conclusion that can be drawn from the evidence is that it was unmarked and its location unknown by either party at the time said agreement was made.

Under these circumstances a parol agreement fixing the boundary line between the lots was not within the statute of frauds, and having been acted upon and acquiesced in for sixteen years must be held binding between the parties and those claiming under them. (George v. Thomas, 16 Texas, 89; Browning v. Atkinson, 46 Texas, 607; Coleman v. Smith, 55 Texas, 259; Cooper v. Austin, 58 Texas, 494; Harn v. Smith, 79 Texas, 312.)

The evidence further shows that the parties recognized the line indicated by the conveyance of the one-half of the party wall as extending the entire length of the lots. Burnett took possession and built up to said line north of the party wall, and his right to such possession has been recognized and acquiesced in by Burroughs and those claiming under him for the length of time before stated.

We think that upon the undisputed evidence in the case no other judgment than one in favor of appellee could have been properly rendered.

This conclusion renders it unnecessary for us to discuss the questions of law presented in the remaining assignments.

The contention made under said assignments may be conceded to be sound as abstract propositions of law, but are inapplicable to the facts in this case, and all of the assignments are therefore overruled, and the judgment of the court below is affirmed.

*Affirmed.*