## POWER v. JONES.
### No. 1967.

Court of Civil Appeals of Texas. Eastland.

Jan. 12, 1940.

Rehearing Denied Feb. 2, 1940.

D. J. Brookreson, of Benjamin, for appellant.

M. F. Billingsley, of Munday, for appellee.

LESLIE, Chief Justice.

John Ed Jones, administrator of the estate of Mrs. N. E. Blocker, deceased, filed this suit in trespass to try title against W. L. Power to recover 2.85 acres of land in Munday, Texas. This right to recover the land is predicated on title in Mrs. Blocker under the ten years' statute of limitation, Vernon's Ann.Civ.St. art. 5510. The defendant claimed the land under deed and the judgment of the district court awarding title to him on September 7, 1911 as against Mrs. Blocker and her husband.

The trial before the court without a jury resulted in judgment for plaintiff and the defendant appeals.

The judgment is challenged on the grounds that (1) there was no evidence to show adverse possession of the premises on the part of Mrs. N. E. Blocker, (2) that the evidence showed she occupied the land at all times under a rental contract with the defendant, and (3) that the rental contract provided that Mrs. Blocker would pay the taxes on the property and "rentals" when able to do so.

The record discloses that on September 4, 1911, the defendant W. L. Power recovered a judgment for title and possession of this property against the Blockers. They were not dispossessed. The husband, T. G. Blocker, died in 1912 and Mrs. Blocker continued to reside on the property until she died July 4, 1938. She paid the State, County, School and city taxes on the same down to and including 1936, and also paid the city and school taxes on the property for the year 1937. During such time she occupied, used and claimed the premises to the exclusion of all others. Under the testimony this was manifested in different ways. She made such claims to the tax assessor in 1914 and 1915. Such claims of ownership were made to and in the presence of neighbors. Her long possession of this property and prompt payment of the taxes combined with such claims and assertions undoubtedly raise a rather strong inference that the defendant Power had notice of these adverse claims asserted by Mrs. Blocker. This would be the necessary effect of such facts and circumstances. Moore v. Knight, 127 Tex. 610, 94 S.W.2d 1137; Seibert v. Markham, Tex.Civ.App., 116 S.W.2d 501.

Further, the fact that the defendant in the instant cause once recovered a judgment for title and possession of this land against the Blockers (1911) would not preclude the plaintiff's right of recovery in this suit on the ground of limitation title maturing subsequent to the date of that judgment. In Pendleton v. McMains et ux, 32 Tex.Civ.App. 575, 75 S.W. 349, 350, writ refused, it was held that adverse possession of land for 10 years establishes title against one whose title is derived from a judgment, though the adverse possessor be the defendant in such judgment. It was there said: "The judgment obtained by Sloan and others against defendants in error in 1888 divested them of all title owned by them in the land in controversy at that time, but did not prevent them from obtaining title to it again by adverse possession after that time. More than 13 years had elapsed after the rendition of the judgment before this suit was instituted, and during all those years defendants in error had been in possession of the land, and claiming title to it against the world. There is no peculiar sacredness in a title to land obtained through a judgment that lifts it out of the scope and purview of statutes of limitation, and, if the possession be adverse for 10 years, whether it be by the defendant in the judgment or any one else, it will perfect a title."

Hence, the question of evidence as presented by the assignment is decisive of this appeal. The defendant Power undertook to testify to facts establishing that during the time the alleged limitation title was being matured Mrs. Blocker was merely his tenant under an agreement he negotiated with her whereby as part of the consideration for the use of the premises she undertook to pay the taxes on the property from year to year. This testimony was objected to on the ground that it was in contravention of Art. 3716, R.S.1925 (Dead Man's Statute). Evidently the trial court disregarded the testimony since it was inadmissible for the reasons stated. There was no other testimony bearing upon this contention advanced by the defendant Power, except that of the witness Stovall, who in somewhat indefinite manner testified that "in the year 1911 * * *" he accompanied Power to Munday and heard Mrs. Blocker say something about paying rent, presumably on the premises in controversy. When asked if he heard any conversation between her and Power he testified:

"I don't know that I can recall what was said down there. I do remember that Mrs. Blocker told Power, he asked her something about some rent and she said she didn't have any money to pay the rent, that she was washing for a living and he told her he would like to have the rent money to pay the taxes, and that is about all I remember of the conversation.

"Q. Do you remember whether or not she agreed to pay the taxes? A. The best of my recollection she agreed to pay the taxes, or pay him enough money to pay the taxes, I don't remember which it was."

Mr. Stovall had known Power several years and formerly had worked for him.

Considering the testimony favorable to the defendant, it cannot be held that it conclusively establishes the relation of tenancy through the years as between himself and Mrs. Blocker. Standing alone, such testimony might make a prima facie case in favor of Power on that theory, but taking the testimony as a whole we think it would do no more than raise an issue of fact which the trial court has resolved in favor

of limitation title asserted by the plaintiff. The evidence reasonably supports the judgment, and finding no error in the record the judgment of the trial court is affirmed.