

856

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ralph L. Buell
Chief of Certificate of Title Division
Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:

> Opinion No. O-1984
> Re: The issuance of Certificates
> of Title to purchasers of
> motor vehicles at public or
> private foreclosure sales.

We are in receipt of your letter of February 19, 1940, in which you request an opinion of this department on the questions contained therein as follows:

"1. Shall the Department issue Title when application for same is made by the first lien holder, said application being accompanied by bill of sale from a sheriff or constable showing that the first lien holder acquired title subsequent to a foreclosure sale by a sheriff or constable, which sale extinguishes all other liens.

"2. Shall the Department issue Certificate of Title upon application by the first lien holder when such application is accompanied by a repossession affidavit certifying that the automobile in question has been repossessed according to the terms of the contract between the lien holder and the mortgagor, even though there be a second lien against said vehicle.

"(a) Should the Department require a release signed by the second lien holder, or is the affidavit of repossession certified to by the first lien holder sufficient evidence to justify the issuance of the Title.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Ralph L. Buell, Page 2

"(b)  What information should this De-
partment require under such a situation
before we may issue a Certificate of Title
to the holder of the car under repossession."

In your first question you are concerned with
the type of information which should be required by your
Department from an applicant who has purchased a motor ve-
hicle at a judicial foreclosure sale before you issue a
certificate in the name of said purchaser.  Your attention
is called to Section 35 of the Certificate of Title Act
which has been incorporated into Vernon's Annotated Penal
Code as Article 1436-1.

"Sec. 35.  Whenever the ownership of
a motor vehicle registered or licensed with-
in this State is transferred by operation
of law, as upon inheritance, devise or be-
quest, bankruptcy, receivership, judicial
sale, or any other involuntary divesture
of ownership, the Department shall issue a
new certificate of title upon being provided
with certified copy of the probate proceed-
ings, if any (if no administration is nec-
essary, then upon affidavit showing such
fact and all of the heirs at law and speci-
fication by the heirs as to in whose name
the certificate shall issue), or order, or
bill of sale from the officer making the
judicial sale, except however, that where
foreclosure is had under the terms of a
lien, the affidavit of the person, firm,
association, or corporation or authorized
agent, of the fact of repossession and
divestiture of title in accordance with the
terms of the lien, shall be sufficient to
authorize the issuance of a new certificate
of title in the name of the purchaser at
such sale, and except further that in the
case of the foreclosure of any Constitutional
or Statutory lien, the affidavit of the
holder of such lien, or if a corporation,
its agent, of the fact of the creation of
such lien and the divestiture of title by
reason thereof in accordance with law, shall
be sufficient to authorize the issuance of a
new certificate of title in the name of the
purchaser."

Honorable Ralph L. Buell, Page 3

In the above quoted article the Legislature has specifically provided that your Department may issue a Certificate of Title in the name of the purchaser at a judicial foreclosure sale upon presentation of the bill of sale from the officer making the judicial sale.

In this connection you are also advised that the purchaser at the foreclosure sale, if such foreclosure was of the first and prior lien against said motor vehicle, takes title to the same free of all subsequent liens which previously existed prior to said sale against said motor vehicle. That a foreclosure sale has such effect is the well established rule of law of the courts of this State. The Commission of Appeals in the case of Sabine Motor Company v. W. C. English Auto Company, 291 S.W. 1088, stated as follows:

"* * * It goes without saying that a proper action in court cuts off the title of the mortgagor or his assigns. * * *"

In answer to your first question, therefore, you are advised that when the bill of sale of the officer selling the motor vehicle at the foreclosure sale is furnished your Department as required by Section 35 of the Certificate of Title Act you are authorized to issue a Certificate of Title in the name of the purchaser at the foreclosure sale without noting thereon any of the liens which were second to the lien which was foreclosed in the court action.

In your second question you are concerned with a situation where the mortgagee repossesses a car under the express terms of the mortgage without recourse to judicial procedure. In such a situation you are unauthorized to issue a new Certificate of Title in the name of the mortgagee because said mortgagee by mere repossession of the motor vehicle does not acquire title to the same. It is a well settled law of this State that prior to repossession the mortgagor has title to the mortgaged property. As stated by the Commission of Appeals in the case of Sabine Motor Company v. W.C. English Auto Company, supra,

"In Texas, the legal title to mortgaged property remains in the mortgagor."

It is also a well settled rule of law in this State that when the mortgagee repossesses property he holds the same as mortgagee and not as owner. The Supreme Court in Texas in

Honorable Ralph L. Buell, Page 4


the case of Harling v. Creech, 51 S.W. 357, stated as follows:

> "* * *. The instruments being chattel mortgages, the vendor had the rights of a mortgagee under a chattel mortgage containing the stipulations of right to take possession, which would be to take possession of the property if he deemed himself insecure, or the debt not being paid, and to hold or dispose of the property in the character of mortgagee, and not as owner. * * *" (Underscoring ours.)

The language of the Harling case, supra, was copied into the opinion of the Supreme Court of the State of Texas in the case of Singer Mfg. Co. v. Rios, 71 S.W. 275.

This line of authority was reaffirmed by the Commission of Appeals in the Sabine Motor Company case, supra, and the Court stated as follows:

> "* * * But, even after such a seizure, it would have been necessary to handle the cars as mortgagees and not as owners, until the title had passed, either under foreclosure or in accord with the power of sale contained in the mortgage. * * *"

The above quoted rule was again announced in the case of Adami v. Bowers, 21 S.W. (2d) 590. The Court stated as follows:

> "A mortgagee is not entitled to act as the owner of property in its disposition, but must act according to the powers given in the mortgage. * * * and the mortgagee has no right to take possession of the property as his own and appropriate it."

On the other hand, the Courts of this State have long recognized the foreclosure of a lien by repossession and sale and private sale under the terms of the mortgage. Chief Justice Gaines in the Singer Mfg. Co. case, supra, stated as follows, in this connection:

> "We are of the opinion that the question

Honorable Ralph L. Buell, Page 5

should be answered in the affirmative. Clearly, unless the stipulation in the mortgage, which purported to give to appellant the right to take possession of the sewing machine upon default of payment be held of no effect, its agent committed no wrong by a peaceable seizure of the property for the purpose of paying the debt. The stipulation is valid unless it is contrary to public policy. * * * The proposition that such a stipulation is valid, and that the mortgagee may take peaceable possession of the property without the consent, and even over the protest, of the mortgagor, is sustained by the great weight of authority. * * *"

In the above quoted case, the Supreme Court was affirming a similar holding of said Court in the case of Harling v. Creech, supra.

The Texakana Court of Civil Appeals reaffirmed the validity of such a provision in a mortgage in the case of Jesse French Piano & Organ Co. v. Elliott, 166 S.W. 29. The Court stated as follows:

"By the terms of the mortgage covering the Starr pianos, Elliott was authorized to take possession thereof 'wherever they may or can be found, and sell the same at private or public sale to the highest bidder,' in the event Miss Hopkins made default in the payment of the debt it secured, or in the event, at any time before the indebtedness matured, Elliott 'felt unsafe or insecure.' It is settled that such a stipulation in a mortgage is valid, and that the mortgagee, by virtue thereof, may take possession, if he can do so peaceably, of the mortgaged property without the mortgagor's consent. Singer Mfg. Co. v. Rios, 96 Tex. 174, 71 S.W. 275, 60 L.R.A. 143, 97 Am.St.Rep. 901. * * *" (Underscoring ours.)

The above quoted rule was affirmed by the Beaumont Court of Civil Appeals in the case of Block Motor Co. v. Melia, 247 S.W. 666. In this connection, the Court stated as follows:

"The trial court erred in his construc-

Honorable Ralph L. Buell, Page 6

tion of the mortgage. The provisions of
the mortgage authorizing appellant to seize
and sell the truck at private sale and with-
out notice are not violative of any statute
of this state, nor against the public policy
of this state, as expressed in the decisions
of our courts. It is said in 11 C.J. 706:

"'The mortgage itself may dispense with
notice, as where it provides that the mort-
gagee may sell at private sale.'

"The rule is announced as follows, in
Jones on Chattel Mortgages (5th Ed.) # 792:

"'If a power of sale does not require
the giving of any notice of the sale, the
mortgagee can make a valid sale either at
public or private sale, and need not give
any notice of it unless he choose so to do.
But nevertheless the sale, to be binding,
must be a fair one.' * * *"

The validity of such a provision in a mortgage
was also reaffirmed in the cases of Fidelity Union Fire
Insurance Co. v. Ballew-Satterfield Co., 10 S.W. (2d) 163,
Court of Civil Appeals of Texas, Amarillo, and the case of
Campbell v. Eastern Seed & Grain Company, 109 S.W. (2d)
997, Court of Civil Appeals of Texas, San Antonio.

You are also advised that unless the terms of the
mortgage expressly provide for the same, it is not necessary
for notice to be given to second or subsequent lien holders
against the same property in a case of foreclosure by the
prior lien holder at a private sale under the terms of the
mortgage. See Campbell v. Eastern Seed & Grain Company,
supra, and Hampshire v. Greeves, 143 S.W. 147, Supreme Court
of Texas.

It may be noted that Section 35 of the Certificate
of Title Act recognizes the validity of a foreclosure by a
mortgagee by private sale under the terms of the mortgage
and in this connection provides as follows:

"* * * that where foreclosure is had
under the terms of a lien, the affidavit of
the person, firm, association, or corporation

Honorable Ralph L. Buell, Page 7

or authorized agent, of the fact of repos-
session and divestiture of title in accord-
ance with the terms of the lien, shall be
sufficient to authorize the issuance of a
new certificate of title in the name of the
purchaser at such sale, " * *"

You are, therefore, advised that the above quoted
article requires an affidavit from the mortgagee showing
the sale under the terms of the mortgage to a third party
who is applying for a Certificate of Title in his name.
You are further advised that the Department need not require
a release signed by the second lien holder since the second
lien holder's lien against the motor vehicle under the con-
struction of the Courts of this State has been cut off by
the private foreclosure sale. As previously stated, the
Courts have held that the purchaser at a judicial foreclosure
sale acquired title free of all inferior liens against the
property. The same rule has been extended by the Courts of
this State to foreclosure sales which are private sales made
by the mortgagee after repossession. The Supreme Court of
Texas in the case of Hampshire v. Greeves, supra, stated as
follows, in this connection:

"The contention of plaintiff's counsel
to the effect that 'the right of redemption
of a junior lienholder is not cut off by a
procedure to which the junior lienholder is
not a party' is not sound as we think, and
not supported by authority or reason. The
rule is thus tersely stated in Jones on Mort-
gages, § 1897: 'The purchaser (under fore-
closure proceeding by sale under the power
given in the mortgage) takes the mortgagor's
title divested of all incumbrances made since
the creation of the power.' And, again, in
the same section: 'A sale regularly exercised
under a power is equivalent to strict fore-
closure by a court of equity properly pursued.'"

The Amarillo Court of Civil Appeals reaffirmed
this proposition in the Fidelity Union Fire Insurance Com-
pany case, supra, and stated as follows:

"Under the power of sale in the mort-
gage, the finance company had the right to
take possession of the car and sell it with-

Honorable Ralph L. Buell, Page 8

out notice to Barber for the purpose of
paying the indebtedness against the car,
and such a sale vests title in the purchaser.
Block Motor Co. v. Melia (Tex. Civ. App.)
247 S.W. 666; Oxsheer v. Tandy, 11 Tex. Civ.
App. 142, 32 S.W. 372; Singer Sewing Machine
Co. v. Rios, 96 Tex. 174, 71 S.W. 275, 60
L.R.A. 143, 97 Am. St. Rep. 901; Jesse French
Piano Co. v. Elliott (Tex. Civ. App.) 166 S.
W. 29; State Exchange Bank v. Smith (Tex. Civ.
App.) 166 S.W. 666."

The rule was again stated by the Beaumont Court
of Civil Appeals in the case of Latimer v. Hebert, 25 S.W.
(2d) 929. The Court stated as follows:

"The judgment in favor of Mercantile
Trust Corporation is affirmed. In taking
possession of the automobile it followed
literally the powers given by its mortgage.
This method of foreclosure extinguished ap-
pellant's second lien. Sabine Motor Co. v.
W. C. English Auto Co. (Tex. Com. App.) 291
S.W. 1088."

By way of summary, it is the opinion of this de-
partment that where a mortgagee repossesses a motor vehicle
and sells the same at a private sale, which procedure is in
accordance with the terms of the mortgage, your Department
is authorized to issue a Certificate of Title in the name of
the purchaser at such private foreclosure sale which certifi-
cate may not note on the same the second or inferior liens
which existed against said motor vehicle prior to the time
of repossession and foreclosure of the prior lien. The only
information that should be required by your Department in
such a case as outlined under Section 35 of the Certificate
of Title Act is an affidavit of the mortgagee showing such
repossession and private sale under the terms of the mortgage.

Nothing in this opinion shall be construed as ap-
plying to liens which were prior to the lien that was fore-
closed.

APPROVED MAR 18, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

BG:RS

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Billy Goldberg*

Billy Goldberg
Assistant

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN